144 So.2d 413 (1962)
Gladys BROOKS
v.
Elsworth G. WILTZ.
No. 357.
Court of Appeal of Louisiana, Fourth Circuit.
September 4, 1962.
Brierre & Stephenson, Eugene D. Brierre, Trial Atty., New Orleans, for plaintiff-appellant.
Darden & Screen, James P. Screen, Trial Atty., New Orleans, for defendant-appellee.
Before AYRES, DAWKINS and ALLEN, JJ.
JAMES R. DAWKINS, Judge ad hoc.
This was an action filed by Gladys Brooks claiming damages because of injuries suffered from a gunshot wound on February 10, 1959. She alleges that on that date one Elsworth G. Wiltz came into the place of business where she was employed and suddenly, and without warning, shot petitioner *414 with a revolver, causing her severe injury and pain. She claims damages in the total sum of $91,706.00. Suit was filed on December 15, 1959 and citation addressed to Elsworth G. Wiltz was served at his domicile on December 16, 1959 by leaving the same in the hands of Mrs. Theresa Wiltz, mother of the party named as defendant. On December 29, 1959, Elsworth A. Wiltz, through his attorney, filed an answer in which the material allegations made by plaintiff in her petition were denied. Thereafter, on January 23, 1961, the plaintiff filed a supplemental and amended petition wherein she alleged that she had sued the wrong party and prayed that the suit be amended to make Ellis G. Wiltz the defendant in place of Elsworth G. Wiltz. To the amended and supplemental petition, the defendant, Ellis G. Wiltz, filed a plea of prescription on February 3, 1961. The plea of prescription was duly tried and the same was sustained by the District Judge and the plaintiff's action was dismissed.
The record reveals that there were twin brothers involved, one being named Elsworth A. Wiltz and the other named Ellis G. Wiltz, and, in fact, the plaintiff had been actually shot by Ellis G. Wiltz. The evidence reveals that Ellis G. Wiltz was charged in Criminal District Court with the crime of attempted murder as a result of the shooting. Plaintiff's attorney was aware of the criminal proceedings wherein Ellis G. Wiltz was properly named as the defendant and said attorney, by a letter written by him, made demand upon Ellis G. Wiltz for the damages in this case. However, prior to filing the suit, the attorney for the plaintiff inquired of the Retail Credit Company as to the credit rating of Ellis G. Wiltz and the report made by said company contained information only as to Elsworth G. Wiltz rather than Ellis G. Wiltz. Consequently, when the plaintiff filed her suit, she erroneously named Elsworth G. Wiltz as defendant.
The record discloses that citation was issued to Elsworth G. Wiltz and that domiciliary service was made upon his mother on December 16, 1959. The mother of these twins testified that after receiving a copy of the original petition and citation, she wrote both of her sons advising them of the nature of the suit and forwarded each a copy of the petition. She further testified that both of her sons were out of the city at the time the suit was filed, as Ellis was attending school in Atlanta, Georgia, and Elsworth was attending school in Cincinnati, Ohio. The mother of the twins further testified that both of these boys came home for Christmas and consequently knew of the pendency of the suit against Elsworth G. Wiltz, within a week or ten days after its filing.
The record discloses that the same counsel, acting as attorney for Elsworth A. Wiltz in the civil suit, and as attorney for Ellis G. Wiltz in the criminal prosecution, filed a simple answer of general denial on behalf of Elsworth A. Wiltz without in any manner revealing that the plaintiff had sued the wrong defendant. After the elapse of a year in which prescription ordinarily would run, it was disclosed to the plaintiff that the wrong party had been named as defendant, and thereafter, the amended and supplemental petition was filed in an effort to make the proper party the defendant in the case. As previously stated, the plea of prescription filed on behalf of Ellis G. Wiltz was sustained by the District Court and the suit dismissed.
This case involves the rather unusual situation of an action being filed against an erroneous defendant where the defendant cited was a twin brother and closely associated with the proper defendant who was not named in the original petition, and the question presented for decision by this Court is whether or not the facts and circumstances of this case are such that this Court should hold that the petition and citation which issued making an improper and erroneous defendant a party to the suit, were sufficient to interrupt the running of prescription against the party who had actually done the shooting.
*415 The plaintiff relies principally upon the case of Jackson v. American Employers Insurance Company, 202 La. 23, 11 So.2d 225, in support of his contention that the citation issued to Elsworth G. Wiltz was sufficient to interrupt prescription as against Ellis G. Wiltz.
In that case, there were three insurance companies composing what is commonly known as "The Employers Group" and this group of insurance companies used the same letterheads, the same offices, the same claims department, the same manager and the same employees, and conducted the affairs of their business in such a manner as to be inter-related corporations. In the Jackson case the wrong corporation was cited, and the Court held that where three insurance companies were doing business as a group under the title "The Employers Group of Boston, Massachusetts", letterheads of which bore the names of all three companies, having the same office for their claims department, the same telephone, the same manager and same employees in that department, the filing of suit against one of the companies under a mistaken belief that it was insurer under a policy covering automobile causing the injury, after plaintiff's attorney had been led to believe by letter from the manager of claims department that the company sued was the company which had issued the policy, was sufficient to interrupt the one year period of prescription against the company which had issued the policy.
The case of Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, also involved a question of improper or incorrect citation. In that case, the proper defendant was cited after the prescription period had elapsed and because these corporations operated from the same office and had the same management and employees, the Court held that the facts and circumstances made it such that the improper citation was sufficient to interrupt prescription.
Likewise, in the case of Andrepont v. Ochsner, La.App., 84 So.2d 63, the Court held in a case where Dr. Alton Ochsner had been personally sued for damages and after the running of prescription the Alton Ochsner Medical Foundation and its public liability insurer, Aetna Casualty and Surety Company, were named as defendants, that
"Due to the peculiar circumstances which exist in the case, which bear closeness in resemblance to those existing in many of the cited cases, we think that suit having been brought within the year against Dr. Ochsner had the legal effect of interrupting the one-year prescription as against Alton Ochsner Medical Foundation and its insurer, Aetna Casualty & Surety Co., followed by a suspension of prescription against both during the pendency of the suit."
In other words, this was a case in which Dr. Ochsner as an individual had been sued and later the Foundation, of which he was president, was joined and the Court held that the citation to Dr. Ochsner individually, since he was president of the foundation, was sufficient to interrupt prescription as against the Foundation and its insurer.
On the other hand, the defendant relies principally upon the more recent case of Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484, wherein Justice Hamlin, as the organ of the Court on rehearing, reviewed the many cases dealing with erroneous and improper citation and reached the conclusion that the defendant had not been cited and that the filing of the suit against the Mud Company was not sufficient to interrupt prescription as against the Mud Company's insurer. The facts of that case are that suit was originally filed against the defendant, Mud Supply Company, Inc. After more than a year had elapsed, the suit was amended so as to make the Houston Fire and Casualty Insurance Company a party to the suit and this insurance company filed a special plea of prescription. The Court held that there was no solidary liability as between the Mud Company and the insurance company, and *416 that since the insurance company was not made a party to the suit nor had any attempt been made to make said insurance company party to the suit for more than a year, that the action filed against the Mud Company alone would not interrupt prescription as to its insurer and that, therefore, the plea of prescription should be sustained and the suit dismissed as to the Houston Fire and Casualty Insurance Company, even though said company had full knowledge of the filing of the suit against its insured. After reviewing the decisions that have involved this question, namely, the Jackson, the Lunkin, the Ochsner and other cases, the Court made the following statement at page 494 of 119 So.2d:
"Herein, the insurer was not apprised of the instant suit in a legal manner until after the prescriptive period had elapsed; there are no exceptional or peculiar circumstances which would operate in favor of plaintiff. Since there was no solidary liability between the assured and its liability carrier, it cannot be said that the suit filed against Mud Supply Company, Inc. was a suit filed against a wrong party and that such filing within the prescriptive period interrupted the running of prescription as to Houston Fire and Casualty Insurance Company."
It will be noted that one of the distinguishing features between the Mud case and the cases which hold that the citation of an improper defendant interrupts prescription is that in each of the cases where the Courts have held the citation to be sufficient to interrupt prescription, there was a bona fide effort on the part of the plaintiff to cite the right defendant, but because of some peculiar circumstances involved in the case (whether it be a corporation which operated jointly with another corporation and whose directors and employees were the same, or whether it was other facts and circumstances which could mislead a plaintiff into citing the wrong defendant) an error was made in the citation and the wrong party was named as defendant. However, in the Mud Company case there was no effort whatever to cite the defendant insurance company, as no citation was issued to the insurance company, until more than one year had elapsed. Consequently, the Mud Company case does not present a case where an erroneous citation has been issued, but it is a case where no citation at all had been issued and the Court simply held that even though the insurance company had actual knowledge of the pendency of the suit against its insured, that such actual knowledge was not a legal citation or demand upon such insurance company sufficient to interrupt the running of prescription. In fact, an analysis of the case will show that the decision turned upon the finding of the Court that the Mud Company and its insurer were not, in this case, liable in solido, and that thus a suit against one did not interrupt the running of prescription against the other.
Upon analysis of the holdings in all of these decisions in light of their applicability to the case at bar, we find that in the case at bar the plaintiff made a bona fide attempt to cite the right defendant. She fully intended to sue the man who had caused her damage by shooting her and there is no reason to assume that she had any way of knowing that there were two men, twin brothers, one of which was named Ellis G. Wiltz and the other Elsworth A. Wiltz, nor could she rely upon the criminal prosecution which named Ellis G. Wiltz, for it is common knowledge that quite often in those matters the defendant will be erroneously named to that or even a greater extent. She did file suit within the year, but erroneously named Elsworth G. Wiltz rather than Ellis G. Wiltz. Further, it is noted by reference to the birth certificates filed in evidence that the correct names of the twin brothers are Elsworth Anthony Wiltz and Ellis Gabriel Wiltz. The suit as originally filed was against Elsworth G. Wiltz. Thus, the middle initial of the correct defendant, Ellis G. Wiltz, was used and only the first name was erroneous. It would be very easy for *417 one, due to the confusion and similarity of the names of the twins and especially to one who did not know that there were twins, to assume that "Ellis" was a contraction of "Elsworth" and to honestly believe that Elsworth G. Wiltz referred to in the credit report, and Ellis G. Wiltz named in the bill of information, was one and the same person. The record also reveals that both of these parties were away at school, but had a common domicile in the City of New Orleans and that citation on Elsworth G. Wiltz was made by domiciliary service on his mother. According to the testimony of their mother, she wrote Ellis G. Wiltz and advised him of the suit. She employed a common attorney to represent both of the defendants, and sent to each a copy of the petition. She further testified that both of these young men returned to their home in New Orleans for Christmas, which was less than two weeks after the citation had been served and that Ellis G. Wiltz was fully apprised of the nature of the suit. In fact, it might be argued with some logic that, because the plaintiff fully intended to sue the man who actually shot her (Ellis G. Wiltz), and since the service of citation was domiciliary, made upon the mother of the intended defendant, and such party was notified of the suit and furnished a copy thereof, there was a legally valid citation of Ellis G. Wiltz, although the citation and petition were addressed to Elsworth G. Wiltz. Then the record shows that the attorney filed an answer in the form of a general denial on behalf of Elsworth A. Wiltz, which pleading did not disclose to the plaintiff that she had erroneously named the defendant. We do not intend, by this statement, to infer that there was any legal responsibility or obligation on defendant's counsel to make any such disclosure, but we relate this fact as one of the circumstances that goes to make up an explanation of why the plaintiff did not discover her error for more than a year after the shooting.
Under these circumstances, it is the opinion of this Court that because of the peculiar facts and circumstances involved, prescription was interrupted against Ellis G. Wiltz by the filing of a suit against his twin brother, Elsworth G. Wiltz, and that the plaintiff is entitled to her day in Court.
For the reasons herein assigned, the judgment of the District Court is reversed and the case is remanded to that Court for trial on the merits according to law, with all costs of this appeal to be borne by the appellee.
Reversed.