McBRIDE, Judge.
This is a suit by plaintiff attorneys for the recovery of alleged fees claimed to be owed them in solido by a divorced husband and wife. Plaintiffs seek to recover from both defendants, on quantum meruit, a fee for representing the wife in her successful action for a divorce; they also seek to recover from both defendants a fee for their representation of the wife in connection with the settlement of the assets formerly belonging to the community, under a contract allegedly entered into with the wife after the rendition of the judgment of divorce. Alternatively plaintiffs claim recovery on a quantum meruit for the alleged services rendered after the divorce. They also claim reimbursement for a certain indebtedness incurred by them for the wife’s account under the contract. The petition was met with exceptions of vagueness and' no cause or right of action.
The petition is vague, ambiguous, and deficient in essential allegations, the exceptions of no cause or no right of action can hardly be adjudicated on the averments appearing in the petition. Unfortunately, the trial judge, in effect, overruled the exception of vagueness and proceeded to a determination of the exceptions of no right or no cause of action, maintaining the latter as to certain of the claims asserted. Plaintiffs have appealed.
The appellees did not themselves appeal nor did they make answer to plaintiffs’ appeal. However, the appellees’ attorney in his argument before this court pointed out the vagueness and the deficiency of allegations in plaintiffs’ petition and advanced the thought that the exception of vagueness should have been sustained by the judge below.
Notwithstanding the appellees did not appeal nor answer the appeal we believe that they are privileged to have this court pass on the exception of vagueness. The jurisprudence is to the effect that the rulings on exceptions may be considered on appeal without reference as to whether the party desiring a review of the ruling on the^ exception has himself appealed or has filed an answer to the appeal of the opposite party. Succession of Markham, 180 La. 211, 156 So. 225; Schwandt v. Nunez, La.App., 71 So.2d 583. The two cited cases were decided whilst the late Code of Practice prevailed, but we think they are still authority for the proposition that defendants’ exception of vagueness in the instant case may be considered by this court. We find nothing in the Code of Civil Procedure to the contrary.
C.C.P. art. 2164 provides that the appellate court shall render any judgment which is just, legal and proper upon the record on appeal. Under the powers vested in us by said article, we think that the exceptions of no cause and no right of *426 action should be dismissed and that the exception of vagueness be sustained with leave to plaintiffs to amend and supplement their petition.
. Our opinion is that plaintiffs should allege whether their agreement with the wife to represent her in the matter of obtaining the divorce was oral or in writing, and if in writing that the agreement or a copy thereof be produced, and if oral that it be alleged by plaintiffs the exact and full runderstanding with the wife; that plaintiffs allege whether the contract of February 24, 1964, was verbal or in writing and if in writing that the agreement or a copy thereof be produced, and if oral that plaintiffs allege the exact and full understanding with the wife; that it be alleged by plaintiffs whether an inventory was made of the property which belonged to the community of acquets and gains and if so that said inventory or a copy thereof be produced; that plaintiffs allege the value of the effects which belonged to the community; that it be alleged whether the community effects were ever fully or partially divided or partitioned between the parties, and if so what was the valuation of the respective share or portion each party received in any settlement or partition; that if the wife recovered any of the effects of the late community through the efforts of plaintiffs that such fact be alleged and the nature and value of such effects be alleged; that it also be stated exactly what amount the plaintiffs are claiming for representing the wife in securing the divorce and the amount they claim to be due on their alternative demand on a quantum meruit for the services rendered the wife after the divorce; that plaintiffs also allege the date they were discharged by the wife.
The judgment appealed from is annulled and set aside in toto and it is now ordered, adjudged and decreed that the judgment be amended so as to overrule and dismiss the exceptions of no right or cause of action and sustain the exception of vagueness with leave granted to plaintiffs to amend and supplement their petition, in the several respects above mentioned, within 20 days from the finality of this decree, and as thus amended the judgment is affirmed.
It is ordered, adjudged and decreed that this cause be remanded to the lower court to be there proceeded with in accordance with law, the right being reserved to defendants to file anew any and all exceptions they desire to the original and any amending or supplementing petitions filed by plaintiffs.
The costs of the lower court are to await a final determination of the matter; the costs of this court are to be equally divided between plaintiffs and defendants.
Reversed, rendered and remanded.