296 So.2d 271 (1974)
Louis MAJESTY et al.
v.
COMET-MERCURY-FORD COMPANY OF LORAIN, MICHIGAN.
No. 54267.
Supreme Court of Louisiana.
June 10, 1974.
*272 Richard A. Dowling, New Orleans, for plaintiffs-applicants.
Dermont S. McGlinchey, C. G. Norwood, Jr., Schumacher, McGlinchey, Stafford & Mintz, New Orleans, for defendant-respondent.
SUMMERS, Justice.
Plaintiff Louis J. Majesty bought his Mercury Comet automobile from Delta Mercury, Inc., of New Orleans on December 28, 1965. He and his wife instituted this action to recover damages alleged to have been sustained when the automobile purportedly broke apart and collided with an oncoming car on August 22, 1970. The suit was filed on August 20, 1971, three days prior to the expiration of the one year in which tort actions prescribe. La. Civil Code art. 3536. The petition named "Comet-Mercury-Ford Company of Lorain, Michigan" as defendant. Service through the Secretary of State was requested, and the Secretary of State was served on August 23, 1971, the day after prescription had run.
The brief informs us that there is no such place as Lorain, Michigan, and for this reason the Secretary of State was unable to forward the petition until informed by plaintiff's counsel in January 1972 that the pleading should be mailed to Kansas City, Missouri. There is an assembly plant operated by the Ford Motor Company in Kansas City, and the remailed citation and petition, addressed to the "Comet-Mercury-Ford Corp." was received at this plant on January 10, 1972.
Upon receipt of the pleading from its Kansas City plant, Ford Motor Company filed a motion to quash the service of process on January 25, 1972. An affidavit attached to the motion set forth that Ford Motor Company had no Ford affiliated corporation known as Comet-Mercury-Ford Company of Lorain, Michigan, but that Ford had an assembly plant at Lorain, Ohio, and that Ford Motor Company is the manufacturer of the Comet-Mercury line of automobiles and was the manfacturer of those automobiles in December 1965. A certificate of the Secretary of State of the State of Louisiana filed in the record shows that Ford Motor Company is a Delaware Corporation domiciled at Wilmington, and that the C T Corporation System, 1300 Hibernia Building, New Orleans, is its agent designated for the service of process. The motion to quash was granted with leave for plaintiff to amend the petition to name a proper party defendant. An amended petition naming "Ford Motor Company of Lorain, Ohio" was filed June 7, 1972 and served through the Secretary of State.
Ford Motor Company then filed an exception of prescription of one year, alleging that it was not made a party to this litigation until June 7, 1972. It was further alleged that the suit against the fictitious defendant, Comet-Mercury-Ford Company of Lorain, Michigan, filed on *273 August 20, 1971, in which citation and service were quashed on May 23, 1972, cannot serve to interrupt prescription as to Ford Motor Company; and that suit timely filed against Comet-Mercury-Ford Company of Lorain, Michigan does not interrupt prescription as to Ford Motor Company, who is not a joint tort-feasor with that defendant.[1]
The exception of prescription was sustained, and plaintiffs' suit was dismissed. On appeal by plaintiffs to the Fourth Circuit, the judgment was affirmed. 285 So. 2d 314. We granted certiorari to review the rulings of the Court of Appeal. 288 So.2d 353.
The case involves the interpretation of Section 5801 of Title 9 of the Revised Statutes, which was amended in 1960 and now reads:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."
Prior to the 1960 amendment, Section 5801 read as follows: "The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts." Thus, insofar as the case at bar is concerned, where a suit is filed in a competent court, the 1960 amendment produces no substantive change affecting the facts of this case. The jurisprudence interpreting Section 5801 before the amendment, as well as decisions since the amendment, are applicable to this case.
It is now well-settled that the reference to "all defendants" in Section 5801 implies defendants who are named as such. Filing of a petition, therefore, interrupts prescription only as to defendants named in the petition relied upon, in the absence of solidary liability between an unnamed defendant and a defendant who is properly named in the timely filed petition. Martin v. Mud Supply Co., Inc., 239 La. 616, 119 So.2d 484 (1960); Bowerman v. Pacific Mutual Insurance Co., 212 La. 1000, 34 So.2d 53 (1948); Jacobs v. Harmon, 197 So.2d 704 (La.App.1967).
And it is now understood in the law that an amending petition to correct a misnomer does not relate back to the filing of the original petition. La.Civil Code arts. 2097, 3536; Welch v. Louisiana Power & Light Co., 466 F.2d 1344 (5th Cir. 1972).
The principle governing prescription operating a discharge from debts, as in the instant case, is announced in Article 3550 of the Civil Code as follows:

"Good faith not being required on the part of the person pleading this prescription, the creditor can not impel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject." (Emphasis added).
Recognizing the principles embodied in Article 3550, this Court in Martin v. Mud Supply Co., supra, in a case where no solidary *274 obligation existed between the insured and its insurer, and where the insurer was not named as a defendant in the original petition against the insured, held that filing of the petition did not interrupt prescription as to the insurer. This result was reached notwithstanding the insurer's actual knowledge of the suit and the fact that the petition was amended after the prescriptive period to name the insurer as a defendant. The case is most persuasive here.
In addition, the case of Bowerman v. Pacific Mutual Insurance Co., 212 La. 1000, 34 So.2d 53 (1948), is considered indistinguishable from the case at bar and controls our decision. There a plaintiff, through simple error, designated a nonexistent insurance company, namely, "Pacific Mutual Insurance Company", as defendant in a workmen's compensation suit and filed his suit before the expiration of the one-year prescriptive period. More than one year after the accident, plaintiff realized the error and prayed for service upon "Pacific Employers Insurance Company", the correct defendant.
In the course of the decision the Court observed:
". . . in the instant case, we are sure that plaintiff through error named in the original petition a defendant which was not doing business in the state or shown to be in actual existence. This mistake could have been easily avoided because . . . the casualty and surety rating commission is required to furnish to any claimant or his attorney, upon request at any reasonable time, the name of the employer's insurer in compensation matters."
Similarly, as defendant's brief reminds us, the Secretary of State's certificate in the record reveals that the Ford Motor Company has been properly qualified to do business in this State since 1920. Ford and its local agent are also properly identified annually in "Agents of Foreign Corporations" published by the Secretary of State.
In concluding in the Bowerman Case, the opinion author wrote:
"In the instant case, since the prescriptive period had expired without the filing of a suit against the true insurer, and since there was no proof that the insurer had notice or actual knowledge that plaintiff was asserting his claim by instituting suit within the prescriptive period, the plea of prescription is valid."
Since an almost identical factual situation is present in the case at bar, the Bowerman Case is determinative. Here the named defendant did not exist. The address given was fictitious as well, and Ford Motor Company had no knowledge during the year following the accident that plaintiffs were asserting a claim.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
DIXON and CALOGERO, JJ., dissent.
NOTES
[1] It is noteworthy that there is no evidence in this record that Ford Motor Company is chargeable with any fraud or artifice toward appellant by either concealing the fact of its interest in the Mercury-Comet, or by seeking to obstruct plaintiffs in their effort to ascertain the name of the manufacturer of the product he purchased. Such factors, where found to exist, are given our due consideration. Martin v. Mud Supply Co., 239 La. 616, 119 So.2d 484 (1960); Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714 (1921); Hyman v. Hibernia Bank and Trust Co., 139 La. 411, 71 So. 598 (1916); Cox v. Von Ahlefeldt, 105 La. 543, 30 So. 175 (1900).