357 So.2d 99 (1978)
Benjamin Oliver ROBY, Jr.
v.
OWENS-ILLINOIS, INC., the Board of Directors and its Officers, and the Aetna Life and Casualty Insurance Company.
No. 9261.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1978.
Rehearing Denied April 11, 1978.
Norman Mopsik, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, Paul B. Deal, New Orleans, for defendantappellee.
Before LEMMON, SCHOTT and BEER, JJ.
PER CURIAM.
On December 20, 1976, appellant Benjamin Oliver Roby, Jr. (hereafter, "Roby") filed this suit against Owens-Illinois, Inc., et al., and Aetna Life & Casualty Insurance Company (hereafter, "Aetna"), mistakenly confusing that company with The Aetna Casualty & Surety Company.
*100 Owens' subsequently filed exception was sustained and their dismissal from these proceedings is no longer at issue.
More than a year from the date of the incident which gives rise to this litigation, Roby, through his counsel, supplemented and amended the original pleadings, seeking to delete Aetna Life & Casualty Insurance Company and substitute, in its place, The Aetna Casualty & Surety Company, who, upon being served, peremptorily excepted on grounds of prescription. The trial judge maintained the exception with the observation that he felt bound by Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974), in spite of his strong disagreement with that holding.[1]
The ruling of the able trial judge is correct. Majesty, supra, does, indeed, apply under the fact situation existent here, just as the maxim "contra non valentem agere, non currit prescripto" does not. See LSA-R.S. 22:1522, and note the Supreme Court's observations in the closing paragraphs of Dean v. Hercules, Inc., 328 So.2d 69 (La. 1976).
AFFIRMED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring.
In my opinion a timely suit against Aetna Life and Casualty Insurance Company interrupted prescription on a cause of action for damages against Aetna Casualty and Surety Company.[1] The improper name was close enough to the proper name to inform the proper defendant, when served with the petition, that the suit asserted a claim against it.
Dismissing the suit because the plaintiff did not come close enough to the correct name of a corporate defendant unjustly penalizes the litigant in substance for his attorney's unsubstantial mistake in form.
I agree that the decisions in Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974) and Bowerman v. Pacific Mutual Ins. Co., 212 La. 1000, 34 So.2d 53 (1948) are controlling, but I disagree with those decisions. Nevertheless, I yield to the authority of a higher court and therefore concur.
NOTES
[1] "I am going to maintain the exception, please take an appeal. Let me repeat again, Majesty versus Comet Mercury Ford of Loraine, Michigan represents in my judgment the greatest misjustice I have ever read in the Southern Reporter. I cannot distinguish it. Please take an appeal, maybe someone else can distinguish it and in that distinction may come justice, but right now I am bound by that outrageous decision, please transcribe those notes for inclusion in the record on appeal." (Record of proceedings, June 30, 1977, pages 2 and 3.)
[1] The petition did not allege that Aetna insured the officers and directors and thus did not state a cause of action, but this ground for a peremptory exception can be removed by amendment. See C.C.P. art. 934.