370 So.2d 613 (1979)
Lee PEYTON
v.
TORG FILMS COMPANY.
No. 9893.
Court of Appeal of Louisiana, Fourth Circuit.
April 10, 1979.
*614 John J. Cummings, III and Gregory F. Gambel, New Orleans, for plaintiff-appellant.
McGlinchey, Stafford, Mintz & Hoffman, William F. Bologna, New Orleans, for defendant-appellee.
Before REDMANN, BOUTALL and SCHOTT, JJ.
SCHOTT, Judge.
On January 21, 1977, plaintiff brought this suit for damages he allegedly sustained on February 6, 1976, when he tripped over pipes and cables being utilized by defendant. Defendant was named as The Torg Film Company and service of process was attempted under the provisions of the long arm statute R.S. 13:3201 et seq.
An appearance was made by Torq Film Services, Inc. by way of the declinatory exception of insufficient citation and service of process on the ground that the subpoena addressed to Torg Films Company was insufficient citation and service of process as to Torq Film Services, Inc. Plaintiff then amended his petition on May 10, 1977, to substitute as defendant Torg Film Services, Inc. for Torg Film Company, whereupon Torg Film Services, Inc. responded with an exception of prescription. This appeal is by plaintiff from a judgment which maintained the exception of prescription and dismissed his suit.
At the outset, we note that there was some confusion in the correct name of the defendant even in the amended petition and the exception of prescription, and that the correct name now appears to be Torq Film Services, Inc. The issue on this appeal is whether or not the filing of the suit against Torg Film Company interrupted prescription under the circumstances as against Torq Film Services, Inc.
Defendant relied primarily on Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974) in which the same procedural problem was presented to the court with the result that the court held that the timely filing of suit against "Comet-Mercury-Ford Co. of Lorain, Mich." did not interrupt prescription as to the proper defendant, Ford Motor Company. However, we distinguish the Majesty case from the instant case on several grounds. First, the dissimilarity between the name Ford Motor Company and the name in which it was sought to be sued in the Majesty case is much greater than the dissimilarity between Torg Film Company and Torq Film Services, Inc. Second, in the Majesty case the court noted that Ford Motor Company had been properly qualified to do business in Louisiana since 1920 and plaintiff could easily have obtained its proper identification from the Secretary of State. Third, the court in Majesty found the situation to be similar to and controlled by Bowerman v. Pacific Mutual Insurance Co., 212 La. 1000, 34 So.2d 53 (1948, in which the timely filing of suit against Pacific Mutual Insurance Company was found insufficient to interrupt prescription against Pacific Employers Insurance Company. But in the Bowerman case the court noted that plaintiff's mistake could easily have been avoided because the Casualty and Surety Rating Commission had and could have supplied to plaintiff the proper name of that defendant in much the same way as the plaintiff in Majesty could have gotten the correct information from the Secretary of State. On the other hand, in the instant case Torq Film Services, Inc. was not qualified to do business in the State of Louisiana and hence plaintiff had no ready reference to insure that he was using the correct name of defendant.
We likewise distinguish the instant case from Roby v. Owens-Illinois, Inc., 357 So.2d 99 (La.App. 4th Cir. 1978), in which this court held that the timely filing of a suit against Aetna Life & Casualty Insurance Company did not interrupt prescription against Aetna Casualty & Surety Company because, in that case, there were two separate Aetna companies and plaintiff's suit was filed against the wrong company. It appears that plaintiff could easily have ascertained the correct Aetna to sue just as the plaintiffs could have avoided their errors in the Majesty and Bowerman cases.
*615 That same advantage was not at the disposal of the plaintiff in the instant case.
We have concluded that the original petition was sufficient to interrupt prescription against Torq Film Services, Inc. Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff Lee Peyton and against defendant Torq Films Services, Inc. overruling its exception of prescription. The case is remanded to the District Court for further proceedings. The costs of this appeal are to be taxed against defendant, and all other costs will await the outcome of the case.
REVERSED AND REMANDED.