LEMMON, Judge.
The sole issue in plaintiff’s appeal from a judgment maintaining an exception of prescription as to Freddy Palmisano in this tort action is whether a timely petition, which named as defendants only plaintiff’s corporate employer (subsequently dismissed by summary judgment), the employer’s executive officers, “Mr. Brady Provozano, Mister ‘X’, Mister ‘Y’ ”, and “ABC Insurance Company”, interrupted prescription as to Palmi-sano, who was not named as a defendant until plaintiff filed an amended petition filed more than one year after the accident.
The amended petition attempted to substitute Palmisano as a defendant in place of Provozano.[1] However, an amendment to correct the name of a defendant, when the original name is a different name from that attempted to be substituted (rather than a mere misspelling of the same name), does not relate back to the time of the filing of the original petition.[2] Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974); Roby v. Owens-Illinois, 357 So.2d 99 (La.App. 4th Cir. 1978).
Nor does the original petition naming plaintiff’s employer interrupt prescription against a co-employee, since the employer and employee are not solidary co-obligors. Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948). Moreover, no co-employee was named in the original petition, the naming of fictitious persons being of no *CDLX effect, and the insurer of plaintiff’s executive officers has never been sued.[3]
AFFIRMED.
LEMMON, J., concurs and assigns reasons.

. Plaintiffs counsel points out in brief that he was not employed to file suit until the eve of the anniversary date, when he was given the executive officer’s incorrect name, and that he could not develop further information because the factory where plaintiff had worked had since been closed. Nevertheless, absence of fault by the attorney and difficulty in developing information (where there is no concealment by the defendant) does not relieve the plaintiff of the necessity of filing a timely suit against the defendant.

. Plaintiff argues there was such a close relationship between the employer (who was sued) and the executive officers (who were named incorrectly or with fictitious symbols) that Pal-misano should have been adequately notified by the original petition of a suit against him. If adequate notice is a consideration in prescription cases, we still cannot conclude that a suit against a corporate employer notifies all of its supervisory and executive personnel of the action.

. A timely petition naming the insurer of the executive officers interrupts prescription against the executive officers who are joined more than one year after the accident. Payton v. Travelers Ins. Co., Associated Indem. Corp., et at, 373 So.2d 1324 (La.App. 4th Cir. 1979); Simmons v. Travelers Ins. Co., 295 So.2d 550 (La.App. 3rd Cir. 1974), cert. den. La., 299 So.2d 795, 796.