383 So.2d 61 (1980)
John Richard CLARK, III, Individually and on Behalf of Minor, Heather Michelle Clark, Plaintiff-Appellant,
v.
McDONALD'S SYSTEM, INC., Defendant-Appellee.
No. 14104.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1980.
Rehearing Denied May 13, 1980.
Writ Refused July 7, 1980.
J. B. Wells & Associates by A. R. Snell, Bossier City, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King by Herschel E. Richard, Jr., Shreveport, for defendants-appellees.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied May 13, 1980.
JONES, Judge.
John Richard Clark, III, individually and on behalf of his minor daughter, Heather Michelle Clark, filed suit on July 7, 1977 against McDonald's System, Inc. for damages as result of injuries sustained by Heather on August 3, 1976 when she fell in the playground area of McDonald's restaurant in Bossier City. On March 7, 1978 McDonald's System, Inc. filed a motion for summary judgment alleging that it did not own, operate or maintain the McDonald's restaurant at the location where Heather sustained her injury. On March 9, 1978 plaintiff amended his petition and joined as party-defendant Bates # 1, Inc. alleging it to be the owner of the McDonald's franchise and operator of the business at the *62 location where Heather sustained her injury. On May 8, 1978 a judgment was rendered granting the motion for summary judgment filed by McDonald's System, Inc. dismissing plaintiff's claim against it. Defendant Bates # 1, Inc. filed an exception of prescription contending that plaintiff's suit against it filed more than one year after the date the accident occurred had prescribed.
On September 27, 1978 plaintiff again amended his petition and joined The Home Insurance Company alleging it to be the insurer of McDonald's System, Inc. The Home Insurance Company was the insurer of both McDonald's System, Inc. and Bates # 1, Inc. The Home Insurance Company filed an exception of prescription contending it was joined as a party-defendant more than one year after the accident occurred. The trial court denied the exceptions of prescription which were filed by the Home Insurance Company and Bates # 1, Inc. The case was then tried on its merits and the plaintiff's claim was rejected on a finding of no negligence on the part of Bates # 1, Inc. Plaintiff appeals the judgment. Defendants neither appeal nor answer the appeal.
In brief on appeal defendants re-urge their exception of prescription. Plaintiff contends that defendants, who neither appealed nor answered his appeal, may not re-urge the exception of prescription which had been rejected by the trial court.
LSA-C.C.P. art. 2133 provides:
"An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. . . ."
Defendants seek no change in the judgment because the effect of sustaining on appeal their pleas of prescription would leave the demands of plaintiff rejected just as they are now rejected in the judgment appealed from. The exceptions of prescription filed by appellees may be considered by this court even though the defendants neither appealed nor answered the appeal. Succession of Markham, 180 La. 211, 156 So. 225 (1934); State v. Placid Oil Company, 274 So.2d 402 (La.App. 1st Cir. 1972); Stevenson v. Roy, 194 So.2d 424 (La.App. 4th Cir. 1967).
The trial court relied on Brooks v. Wiltz, 144 So.2d 413 (La.App. 4th Cir. 1962) and Allstate Ins. Co. v. Manemin, 280 So.2d 857 (La.App. 3d Cir. 1973) in refusing to sustain the exceptions of prescription. In Brooks v. Wiltz plaintiff sued Elsworth G. Wiltz when the tortfeasor's proper name was Ellis G. Wiltz. Elsworth was the first name of the tortfeasor's twin brother. In the Allstate v. Manemin case plaintiff sued C. D. McManemin while the tortfeasor's proper name was Doyle C. McManemin. The party actually named in the petition was Clifford Doyle McManemin, father of the tortfeasor. The court in both of these cases found that due to their peculiar circumstances that petitions filed more than one year after the date of the tort correctly naming the defendant were not subject to an exception of prescription.
In the decision of Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974), plaintiff timely filed suit against a non-existent corporation designated as Comet-Mercury-Ford Company of Lorain, Michigan, when the proper defendant should have been the Ford Motor Company. More than one year after the accident Ford Motor Company was joined as a party-defendant. Ford Motor Company filed an exception of prescription. The court in discussing whether prescription could be interrupted against defendants not named in the petition made the following statement:
"Filing of a petition, therefore, interrupts prescription only as to defendants named in the petition relied upon, in the absence of solidary liability between an unnamed defendant and a defendant who is properly named in the timely filed petition. [citations omitted].
And it is now understood in the law that an amending petition to correct a misnomer does not relate back to the filing of the original petition." [emphasis ours]. Id. at 273.
*63 The court sustained the exception of prescription.
There is no indication whatsoever in the record that McDonald's System, Inc. was solidarily liable with Bates # 1, Inc. for torts committed by Bates # 1, Inc. in its business operation. While Bates # 1, Inc. holds a franchise from McDonald's System, Inc. authorizing it to operate a McDonald's restaurant, the uncontroverted affidavit in the record in support of the motion for summary judgment establishes the following:
"That McDonald's System, Inc. does not own or operate the McDonald's restaurant located at 210 Benton Road, Bossier City, Bossier Parish, Louisiana;
That McDonald's System, Inc. is not the employer of any persons at the McDonald's restaurant located at 210 Benton Road, Bossier City, Bossier Parish, Louisiana;
That McDonald's System, Inc. did not install nor does it own any of the playground equipment located at the aforementioned McDonald's restaurant nor does McDonald's System, Inc. have any responsibility for the maintenance or upkeep of said playground equipment nor did McDonald's System, Inc. have anything to do with the selection or design of the surface on which said playground equipment is located and specifically had nothing to do with the selection, design, ownership, maintenance, or installation of the mat or mats referred to in the plaintiff's petition in this matter." Id. Tr. 35.
Though there is the relationship of franchisor/franchisee between McDonald's System, Inc. and Bates # 1, Inc. and because of this relationship there is a possibility that McDonald's made Bates aware that it had been sued, neither the business relationship nor knowledge by Bates of the suit results in prescription against Bates being interrupted by the suit being filed against McDonald's.
The supreme court in Majesty v. Comet, supra, cited with approval Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (1960), and discussed the Martin case in the opinion as follows:
"Recognizing the principles embodied in Article 3550,[1] this Court in Martin v. Mud Supply Co., supra, in a case where no solidary obligation existed between the insured and its insurer, and where the insurer was not named as a defendant in the original petition against the insured, held that filing of the petition did not interrupt prescription as to the insurer. This result was reached notwithstanding the insurer's actual knowledge of the suit and the fact that the petition was amended after the prescriptive period to name the insurer as a defendant. The case is most persuasive here." Id. at 273-274.
In Martin, supra, we find the following statement:
"Our research has not revealed any jurisprudence which holds that knowledge alone of the filing of a suit against a closely associated person or company constitutes an interruption of prescription as to one not cited within a prescriptive period." Id., 119 So.2d at 492.
The court in Martin, supra, recognized that in certain very unusual factual situations prescription could be interrupted by service upon a wrong defendant. Examples of cases involving such circumstances are reflected by the following discussion quoted from the body of the Martin opinion:
"In Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225, plaintiff cited an incorrect insurer. This Court held that because of the peculiar facts of the case, such citation was sufficient to interrupt prescription. The following syllabus correctly states the ruling of the case:

*64 `Where three insurance companies were doing business as a group under the title "The Employers' Group of Boston, Mass.", letterheads of which bore the names of all three companies, having the same office for their claim department, the same telephone, same manager and same employees in that department, the filing of suit against one of the companies under mistaken belief it was insurer under policy covering automobile causing injury, after plaintiff's attorney had been led to believe by letter from manager of claim department that the company sued was the company which had issued the policy, was sufficient to interrupt the one-year period of prescription against the company which had issued the policy. Act No. 39 of 1932.'

Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209, also involved a question of incorrect citation. The proper defendant, who was cited after the prescriptive period, operated from the same office, had the same management, and in some instances had the same employees as the improper defendant who had been cited within the prescriptive period. This Court held that citation, though insufficient to support a judgment, interrupts prescription if it notifies defendant of the grounds of plaintiff's claim and that plaintiff is asserting such claim." Id., 119 So.2d at 493.
There are no peculiar circumstances here presented similar to those found in the Jackson or Lunkin, supra, cases referred to by the court in Martin, supra, nor circumstances similar to those contained in Wiltz and Manemin, supra. We find the pleas of prescription here filed must be sustained based upon the supreme court decisions of Martin v. Mud and Majesty v. Comet, supra.[2] Because we have concluded to sustain the pleas of prescription filed by defendants we find no need to review the merits.
AFFIRMED at appellant's cost.
HALL, J., concurs with assigned reasons.
HALL, Judge, concurring.
I concur in the result reached by the majority opinion, affirmance of the district court's judgment rejecting plaintiff's demands, because the district court's judgment on the merits is eminently correct. Plaintiff failed to prove the existence of a condition which was unreasonably hazardous to small children. This concurring opinion is written to express my disagreement with the majority conclusion that plaintiff's claim has prescribed.
It is difficult to take issue with the well-reasoned majority opinion which applies the strict holdings of Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974) and Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484 (1959) to this case, with the result that plaintiff's suit for damages against the corporation operating a McDonald's restaurant and its liability insurer is dismissed as prescribed even though plaintiff timely filed his suit, mistakenly naming as defendant the operating corporation's franchisor, McDonald's Systems, Inc., which is insured by the same liability insurer.
The strict holding of the two cited Supreme Court cases is that under LSA-R.S. 9:5801 the filing of a petition interrupts prescription only as to defendants named in the petition and unnamed defendants who are solidarily liable with a named defendant.
It is my view that the Majesty and Martin cases do not overrule earlier Supreme Court cases, and several Court of Appeal *65 cases, which recognize that under peculiar and exceptional circumstances the filing of suit against an erroneously named defendant whose close relationship with the correct defendant is such that notice to the erroneous defendant necessarily implies notice to the correct defendant, interrupts prescription as to the correct defendant. I believe the Majesty and Martin cases leave room for this more reasonable and equitable interpretation of the applicable statute, and that if they do not, then those cases should be reexamined. I further believe the instant case presents the kind of peculiar and exceptional circumstances to which the exception to the strict rule should be applied.
Within the one-year prescriptive period, plaintiff sued McDonald's Systems, Inc. under allegations showing clearly that the defendant was being sued as the owner or operator of the restaurant, for injuries caused by an alleged hazardous condition of the premises. McDonald's Systems, Inc. answered denying liability and pleading contributory negligence of the parents of the injured child. Later, McDonald's filed a motion for summary judgment on the grounds that it was not the owner or operator of the restaurant and playground and had no responsibility for its design or maintenance. The summary judgment was granted. Plaintiff then filed supplemental or amending petitions naming Bates # 1, Inc. and Home Insurance Company as defendants, more than a year having then expired since the date of the accident. Exceptions of prescription filed by these defendants were overruled by the district court, but are now sustained by the majority opinion of this court.
The record reflects that the restaurant where the accident happened is known as "McDonald's." The restaurant is operated by Bates # 1, Inc. under a written franchise or license agreement with McDonald's Systems, Inc. McDonald's Systems, Inc. communicates to Bates # 1, Inc. its know-how, new developments, techniques, and improvements in the areas of management, food preparation, and service. Both corporations are insured by Home Insurance Company. The same attorney represented all three defendants, McDonald's Systems, Inc., Bates # 1, Inc., and Home Insurance Company, in this suit. Knowledge of the proceedings and/or suit was given to the supervisor of the restaurant, an employee of Bates # 1, Inc., by the attorney.
There are significant factual distinctions between Majesty and Martin and the instant case. In Martin the suit was originally filed against the insured only. After the prescriptive period had run, plaintiff sought to add the original defendant's insurer, who was not solidarily liable with the original defendant, as a party defendant. The court held that prescription had run as against the insurer. That case did not involve a mistake as to the identity of the correct defendant, as in the instant case, and there was no attempt by the plaintiff to name the insurer as a defendant in the timely filed original petition.
In Majesty, the defendant named in the timely filed original petition was fictitious and nonexistent, obviously with no relationship to the correct defendant later named. In the instant case, the defendant named originally is an actual corporation, authorized to do business in Louisiana, with a close relationship with the restaurant where the accident happened and with the correct defendant corporation.
In both Martin and Majesty, the court emphasized that the plaintiffs did not avail themselves of public records (LSA-R.S. 22:1522 as to the names and identities of liability insurers in Martin and the Secretary of State's records of foreign corporations in Majesty) to identify the proper defendants. No such ease of identification existed in the instant case, involving a franchisor-franchisee relationship between a foreign and a domestic corporation, with the name held out to the public being that of the franchisor.
The circumstances of the instant case are more like those of the cases where the filing of suit against a named defendant has been held to interrupt prescription against a closely related unnamed defendant.
*66 In Jackson v. American Employers' Ins. Co., 202 La. 23, 11 So.2d 225 (1942), the filing of suit against an insurance company which was one of a closely related group of companies, was held to interrupt prescription as to another company which actually issued the policy sued on.
In Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209 (1945), a workmen's compensation suit was filed against Evan-Hall Company, which operated a sugar factory. Plaintiff was actually employed by Triangle Farms, Inc., a related corporation which owned a plantation adjoining the sugar factory known as Evan-Hall Plantation. The court held that the suit against the named defendant interrupted prescription against the unnamed correct defendant.
In Davis v. Lewis & Lewis, 226 La. 1059, 78 So.2d 173 (1954), the court held prescription running against a liability insurance company was interrupted by the filing of a suit against its insurance adjuster and agent.
A number of Court of Appeal cases have reached similar results under similar circumstances. In Andrepont v. Ochsner, 84 So.2d 63 (La.App. Orl. Cir. 1955), a hospital malpractice suit filed against Dr. Alton Ochsner individually was held to have interrupted prescription running against the Alton Ochsner Medical Foundation, the correct owner of the hospital, and its liability insurer.
In Stewart v. Maloney Trucking & Storage, Inc., 147 So.2d 62 (La.App. 4th Cir. 1962), plaintiff filed a workmen's compensation suit, mistakenly naming Maloney Trucking & Storage, Inc. as defendant, his employer being Maloney Carloading, Inc., a separate corporation. The filing of the suit against the closely related corporation was held to have interrupted prescription against the employer corporation.
Although an exception of prescription was sustained in Kinchen v. Fontenot Const. Co., 359 So.2d 661 (La.App. 1st Cir. 1978), on a finding that there was no connection whatsoever between the named defendant corporation and the correct unnamed corporation, the court recognized the rule as being:
"As to one not made party, prescription may be interrupted by service of process upon one with whom such unserved party is solidarily liable or who is closely associated with a named defendant or has such connexity with a named defendant that it may be presumed that the unserved party has notice of the action. Commercial Union Insurance Company v. Bringol, 262 So.2d 532 (La.App. 4th Cir. 1972)."
In Brooks v. Wiltz, 144 So.2d 413 (La. App. 4th Cir. 1962), a damage suit against Elsworth G. Wiltz, the twin brother of the actual tort-feasor who was named Ellis G. Wiltz, was held to have interrupted prescription against the actual tort-feasor who was not named as a defendant in the original timely-filed petition.
Allstate Insurance Company v. Manemin, 280 So.2d 857 (La.App. 3d Cir. 1973), was a tort suit in which the named defendant was C. D. McManemin. The court held the filing of the suit interrupted prescription as against Doyle C. McManemin, the son of the named defendant and the actual tort-feasor.
In the recent case of Peyton v. Torg Films Co., 370 So.2d 613 (La.App. 4th Cir. 1979), a suit filed against "The Torg Film Company" under the long-arm statute, was held to have interrupted prescription against the correct defendant, "Torg Film Services, Inc.", a foreign corporation not qualified to do business in Louisiana. The court noted that plaintiff had no ready reference to determine the correct identity of the defendant, distinguishing Majesty, supra; Bowerman v. Pacific Mut. Ins. Co., 212 La. 999, 34 So.2d 53 (1948); and Roby v. Owens-Illinois, Inc., 357 So.2d 99 (La.App. 4th Cir. 1978).
The even more recent case of Gradney v. Southern Farm Bur. Cas. Ins. Co., 375 So.2d 212 (La.App. 3d Cir. 1979) involved facts similar to those involved in Jackson v. American Employers' Ins. Co., supra, and reached the same result as Jackson. Plaintiff sued Southern Farm Bureau Casualty *67 Insurance Company and, after the one-year prescriptive period, amended to substitute a related company, Louisiana Farm Bureau Mutual Insurance Company, as the party defendant. The court held that the filing of the suit against Southern Farm Bureau interrupted prescription against Louisiana Farm Bureau.
The rationale of these cases is consistent with the rationale of several cases which hold that prescription is interrupted as to an unnamed plaintiff by a suit brought by an erroneously named plaintiff or a plaintiff who is closely connected in relationship and identity of interest with a subsequent plaintiff. See Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973), where a suit brought by an erroneously named deceased person was held to have interrupted prescription as to the claim of the correct plaintiff. See also Allstate Ins. Co. v. Theriot, 376 So.2d 950 (La.1979), where a suit brought by a workmen's compensation insurer, who was subsequently held to have no cause of action against the defendant tort-feasor, was held to have interrupted prescription as to the belatedly filed claim of the injured employee against the tort-feasor.
The rule established by the cited cases is that under exceptional and peculiar circumstances, a suit mistakenly filed against the wrong defendant will interrupt prescription running against the correct defendant where the named and unnamed defendants are closely related and where the filing of the suit against the wrong defendant necessarily imparts knowledge of the judicial assertion of the cause of action to the correct defendant. This rule does no violence to and is entirely consistent with the principles and purposes of prescription liberandi causa. The plaintiff's claim is timely asserted, negating any presumption of waiver of his claim or sleeping on his rights. The defendant is given notice of the legal proceedings based on the claim involved and is not placed in the position of defending a stale claim where evidence might be difficult to produce.
The threads that run through the cases which have found an interruption of prescription as to an unnamed defendant are (1) justifiable mistake as to the name and/or identity of the defendant; (2) allegations that state a cause of action against the unnamed defendant; and (3) a close connection between the named and unnamed defendants such as to infer notice of the filing of suit to the unnamed defendant. These threads are all present in the instant case.
There was obviously a mistake as to which entity actually operated the McDonald's restaurant. The mistake was understandable because of the name of the restaurant and because the named defendant actually had a connection with the restaurant. The petition as originally filed alleged a cause of action against the operator of the restaurant. Because of the close connection between the named franchisor and the unnamed franchisee-operator, both insured by the same liability insurer, the suit filed against the franchisor amounted to notice to the franchisee of the filing of suit. The record shows that notice was, in fact, communicated to the correct defendant. The trial court correctly overruled the exceptions of prescription.
For these reasons, I respectfully concur.
NOTES
[1] LSA-C.C. art. 3550"Good faith not being required on the part of the person pleading this prescription, the creditor can not compel him or his heirs to swear whether the debt has or has not been paid, but can only blame himself for not having taken his measures within the time directed by law; and it may be that the debtor may not be able to take any positive oath on the subject."
[2] See also Roby v. Owens-Illinois, Inc., 357 So.2d 99 (La.App. 4th Cir. 1978), where the plaintiff erroneously sued Aetna Life & Casualty Insurance Company mistakenly confusing that company with The Aetna Casulty & Surety Company. More than one year after the date of the accident plaintiff amended his suit to correctly name the defendant, The Aetna Casualty & Surety Company. This defendant, upon being served, filed an exception of prescription which was sustained by the trial court relying upon Majesty v. Comet, supra, and the trial court's judgment sustaining the plea of prescription was affirmed on appeal.