PRICE, Judge.
Plaintiffs, Frager Ford and his wife, filed this suit on September 2, 1981, against Plain Dealing Charcoal Company, Campfire Charcoal Company, Inc., Arkansas Charcoal Company, Inc., and Arrow Industries, Inc., for workmen’s compensation benefits for the death of their minor son, Michael Ford, who was killed on September 6, 1979, while helping his father load and unload a truckload of lumber slabs. A prior suit was instituted on September 5, 1980, against Campfire Charcoal Company, Inc., seeking the identical relief requested here. Plaintiffs dismissed with prejudice their suit against Campfire Charcoal after testimony at trial revealed that neither Frager Ford nor Michael Ford was an employee of Campfire. Plaintiffs filed a motion for new trial, alleging that newly discovered evidence showed Frager Ford was an employee of Campfire Charcoal, or of one of the named defendants in the instant suit. The motion was denied and was affirmed by this court in an unpublished opinion. Plaintiffs now allege the filing of the initial suit against Campfire interrupted prescription as to the present defendants because of the close business connection among Campfire and them. Exceptions of prescription were filed on behalf of all defendants, and an exception of res judicata was filed by Campfire Charcoal. The exceptions were sustained as to all defendants and plaintiffs appeal.
The transcript from the initial suit against Campfire was introduced into evidence on trial of the exceptions. In that proceeding, Earl Riley testified that he was the plant manager for Campfire, a Texas corporation domiciled in Jacksonville, Texas, and that he had the authority to hire for Plain Dealing Charcoal. He admitted that while present at the Plain Dealing plant, he hired Frager Ford to work for Plain Dealing on June 7, 1979. He further testified the truck driven by Ford was owned by Campfire and maintained by Plain Dealing. In its answer to interrogatories filed by plaintiffs in the instant suit, Plain Dealing admitted that Riley was working for them and was its agent for service of process when he was served with plaintiffs’ original petition against Campfire on September 5, 1980.
To support their contention of common ownership and management of the defendant corporations, plaintiffs introduced the articles of incorporation of these corporations. They show that two of the directors are common to all three corporations. There is no evidence that these directors own any stock in the corporation. In addition, the record reflects that the payroll checks of Plain Dealing employees are *122 drawn on the account of Arkansas Charcoal, with the costs then charged back to Plain Dealing Charcoal. Plaintiffs also introduced Frager Ford’s W-2 forms for 1979-1980, which listed Campfire Charcoal as his employer.
The trial court, in sustaining the exceptions, relied on the rationale of the concurring opinion by Judge Hall in Clark v. McDonald’s System, Inc., 383 So.2d 61 (La. App. 2d Cir. 1980). In its denial of writs in Clark, the Supreme Court indicated its approval of the concurring opinion, 386 So.2d 95 (La. 1980). The concurring opinion summarized the jurisprudence on this issue and found there were three factors present in cases where prescription was found to be interrupted as to an unnamed defendant by the filing of suit against another party by mistake:
(1) Justifiable mistake as to the name and/or identity of the defendant;
(2) Allegations that state a cause of action against the unnamed defendant; and
(3) A close connection between the named and unnamed defendants such as to infer notice of the filing of suit to the unnamed defendant.
Plaintiffs contend that service of process of their petition against Campfire on Riley was sufficient to interrupt prescription as to Plain Dealing because of Riley’s relationship with the two corporations. They also contend that the suit against Campfire interrupted prescription as to the remaining defendant corporations because their common ownership and management and interchange of equipment and employees make them solidary obligors.
In the instant case, the trial court found there was no justifiable mistake by Frager Ford concerning his true employer because of an admission in his deposition that he was employed by Plain Dealing Charcoal. When the admission of Ford under cross-examination relied on by the trial court is weighed against all other evidence in the record, it is doubtful that he understood the significance of the question posed to him.
In light of the relationship of the defendant corporations, Frager Ford’s mistake in suing Campfire instead of Plain Dealing Charcoal, his actual employer, was justified. The articles of incorporation show that the corporations have common directors. Ford was hired by an employee of Campfire to work for Plain Dealing. Arkansas Charcoal Company was listed on his payroll checks, while his W-2 forms listed Campfire as his employer. Riley testified previously that Ford was driving a truck owned by Campfire. Despite Ford’s admission in his deposition, we find that the circumstances surrounding his hiring and the corporation’s payroll procedure would have caused confusion concerning who was Ford’s actual employer. Therefore, the trial court erred in finding there was no justifiable mistake by Ford.
Our study of the record shows that the two remaining factors listed in the concurring opinion in Clark, supra, are present in the instant case. Plaintiffs’ original petition against Campfire alleged a cause of action against Plain Dealing, the actual employer of Frager Ford. Riley was an employee of and agent for service of process for Plain Dealing when he was served with the original petition against Campfire. His previous employment with Campfire and the close connections between Campfire and Plain Dealing are sufficient evidence to conclude that the original filing of plaintiffs’ suit constituted notice to Plain Dealing.
Plaintiffs’ contention that solidary liability exists with respect to Arrow, Arkansas Charcoal, and Plain Dealing Charcoal is without merit. Plaintiffs’ dismissal with prejudice against Campfire in the first suit precludes them from seeking the identical relief here because of res judicata. See C.C. Art. 2286. Therefore, the decision of the trial court in sustaining the exceptions of prescription as to Arkansas Charcoal and Arrow Industries and the exception of res judicata as to Campfire Charcoal was correct.
For the reasons assigned, the judgment of the trial court granting the exception of *123 prescription as to Plain Dealing Charcoal Company, Inc., is reversed and the exception is overruled. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to defendant, Plain Dealing Charcoal Company, Inc.