ALFORD, Judge.
This is an appeal from two judgments of the Twenty-Third Judicial District Court, Parish of Ascension. Appellant Lessard appeals the granting of a summary judgment in favor of A.V. “Toby” Argrave and the granting of a peremptory exception of prescription in favor of T.E. “T-Boy” Argrave.
Appellant filed suit on May 16, 1980, for injuries he allegedly sustained on May 25, 1979. Named as defendants were A.V. “Toby” Argrave, individually and doing business as the Colonial Drive Inn in Gonzales, Louisiana, Harold L. Tridico, Sheriff of Ascension Parish, and the liability insurer for the sheriff’s office. Appellant alleged that on the date in question, he was attempting to make a purchase at the Colonial Drive Inn when he was assaulted by A.V. “Toby” Argrave, who at the time was wearing a deputy’s badge and revolver.
On June 13, 1980, an answer on behalf of Mr. Argrave was filed which stated that no answer was required to appellant’s allegation that Mr. Argrave was a defendant. On August 26, 1980, another answer on behalf of Mr. Argrave, by a different attorney, was filed denying that portion of the petition which named Mr. Argrave as a defendant. There is no indication in the record that a motion to substitute counsel was ever filed.
Sheriff Tridico and the liability insurer for the sheriff’s office were subsequently dismissed from the suit on an exception of no cause of action. There has been no appeal from this judgment. On March 9, 1982, appellant filed an amended petition seeking to correct the original petition by naming Truvy Earl “T-Boy” Argrave, Sr. as defendant rather than A.V. “Toby” Ar-grave. Truvy Earl “T-Boy” Argrave is the son of A.V. “Toby” Argrave. By judgment dated June 14, 1982, A.V. “Toby” Argrave was granted a summary judgment. Another judgment dated June 14,1982, granted a peremptory exception of prescription in favor of T.E. “T-Boy” Argrave.
Appellant maintains that the trial judge erred in deciding the prescription issue without a full evidentiary hearing, erred in granting the prescription exception and erred in granting the summary judgment.
As to appellant’s first assignment of error, it is interesting that appellant maintains that the trial court did not conduct a full evidentiary hearing which is directly contradicted by appellees’ allegation that appellant was afforded to present any evidence he had. We note that appellant did not introduce into evidence several letters. We are of the opinion that appellant was afforded an opportunity to present evidence, and as such, we find appellant’s first assignment of error to be without merit.
The principal issue presented in this appeal is whether there exists peculiar and exceptional circumstances in this case such that the amended petition filed after prescription had run should be held to relate back to the original filing interrupting prescription as to T.E. “T-Boy” Argrave. We are of the opinion that no such exception or peculiar circumstances exist in this case.
Appellant relies on a line of jurisprudence wherein exceptional and peculiar circumstances have been found to have given the misnamed defendant sufficient notice such that prescription could be said to have been interrupted. The Louisiana Supreme Court in Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La. 1974), has however held that an amending petition to correct a misnomer does not relate to the filing of the original petition as to the unnamed defendant absent solida-ry liability between the unnamed defendant and a defendant properly named in the timely filed petition. Appellant has failed to show any solidary liability existing between the wrongly named father and the unnamed son.
Appellant’s last assignment of error deals with the granting of a summary judgment in favor of A.V. “Toby” Argrave. We find no error in this ruling given the affidavit submitted in support of the motion clearly shows that Mr. A.V. Argrave was not involved in the occurrence in any way.
*323 Therefore, for the foregoing reasons, the judgment of the trial court is affirmed as to the summary judgment in favor of A.V. “Toby” Argrave and affirmed as to the peremptory exception of prescription in favor of T.E. “T-Boy” Argrave, Sr.
Costs of this appeal are to be borne by appellant.
AFFIRMED.