340 So.2d 426 (1976)
Shannon L. McCLENDON
v.
SECURITY INSURANCE CO. OF HARTFORD et al.
No. 7939.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1976.
*427 Friedman, Ortiz & Selenberg, Carl J. Selenberg, New Orleans, for plaintiff-appellant.
Lemle, Kelleher, Kohlmeyer & Matthews, Albert H. Hanemann, Jr., New Orleans, for defendants-appellees Riley A. Boykin, Jr. and Peninsular Fire Insurance Co.
Bienvenu, Foster, Ryan & O'Bannon and Stuart A. McClendon, Robert N. Ryan and Frederick R. Campbell, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and SCHOTT, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing her tort action against Riley A. Boykin, Jr. and his individual insurer, Peninsular Fire Insurance Company.
On May 6, 1975, plaintiff filed suit for workmen's compensation benefits against her alleged employer, Southern Comfort Heating & Air Conditioning, Inc., and its insurer, Security Insurance Company of Hartford. She alleged that she was injured on May 6, 1974, in the course of her employment as a clerk when she fell from a ladder.
On October 1, 1975, she filed a supplemental and amending petition in which she asserted a tort claim against Boykin as an alternative to her original petition. Now she alleged the accident was the result of a defective ladder which was owned by Boykin, alternatively that she was employed by Boykin personally as a domestic worker, and further alternatively that Southern Comfort was the "alter ego" of Boykin so that the two were one and the same.
The trial judge dismissed the suit against Boykin and his personal insurer on the basis of the one year prescription applicable to tort actions under LSA-C.C. Art. 3536. Plaintiff introduced no evidence and the case was decided in the trial court on the basis of the pleadings, answers by Southern Comfort to interrogatories propounded by plaintiff, memoranda and arguments of counsel.
In its answers to the interrogatories Southern Comfort identified its directors and officers as Glen Rogers, Boykin and plaintiff; its authorized signatories for bank checks as Rogers and Boykin; Boykin as the one who furnished his vehicles to plaintiff when necessary for errands; and Boykin as the only employee of Southern Comfort who witnessed plaintiff's accident. It also disclosed that Security Insurance Company of Hartford had issued a liability policy to the insured named as "Riley A. Boykin, Jr., d/b/a Southern Comfort Air Conditioning and Heating, Inc."
In this Court plaintiff contends that these answers by Southern Comfort show a close relationship between Southern Comfort and Boykin, such that when a timely suit was filed against Southern Comfort Boykin had timely notice of the claim. Plaintiff further contends that such notice coupled with the filing of the amending petition against *428 Boykin were sufficient to interrupt prescription.
Plaintiff relies on LSA-C.C.P. Art. 1153 and R.S. 9:5801 to support her position. The former provides that "when the action. . . asserted in the amended petition. . . arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The original petition joined only Southern Comfort as a defendant, and arguably Art. 1153 could apply to an amended petition against Southern Comfort, which sets forth a new theory of recovery arising out of the "conduct, transaction or occurrence" sued on originally. This amended pleading, however, attempts to add a new defendant, and under these circumstances Art. 1153 does not purport to authorize the addition of a new defendant as a mere "amendment" relating back to the time of the original petition.
R.S. 9:5801 states that "prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants." In Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974), it was held that the timely filing of a petition interrupted prescription only as to defendants named in the original petition, absent solidary liability between unnamed defendant and an original defendant.
Plaintiff relies heavily on Andrepont v. Ochsner, 84 So.2d 63 (La.App.Orl.1955), in which our predecessor Court held that the timely filing of a tort against Dr. Ochsner individually had the effect of interrupting prescription against the corporation of which he was president. The Court reasoned that the suit, though directed to Ochsner personally, gave notice to Ochsner as corporation president and cited jurisprudence to the effect "that the knowledge of a president of a corporation relating to its affairs is knowledge to the corporation."
There is a factual distinction between the Andrepont case and the instant case in that here the suit was filed against Southern Comfort, the corporation, and then the suit was amended to bring in Boykin, the president. Knowledge to the corporation is not necessarily knowledge to the individual president, and the record before us does not demonstrate that Boykin necessarily had knowledge of the suit when filed. On the face of the original petition there is a request to serve only Security Insurance Company, Southern Comfort's insurer, even though both entities are named defendants. Service was made only on Security and a joint answer was filed by both entities. Even so, we are constrained to hold that Andreport was impliedly overruled by the Supreme Court in Majesty v. Comet-Mercury-Ford of Lorain, Mich., supra. The two cases cannot be rationally harmonized.
Plaintiff also relies on Banks v. K & H Stock Farm, 97 So.2d 444 (La.App. 1st Cir. 1957) where a timely suit for workmen's compensation benefits against the wrong employer was held to interrupt prescription against the tardily sued but correct employer. But in that case there was an ingredient of the employee being reasonably misled into impleading the wrong defendant by the employer's method of doing business in close interrelationship with the incorrectly impleaded party. That ingredient was not pleaded in the instant case and no evidence was adduced to that effect by plaintiff at the trial on the exception, although she had the burden of proof to show the absence of prescription since the pleadings themselves indicated that the claim had prescribed.
Plaintiff's other theory is that Boykin used the corporation as his alter ego, but if this were so, Boykin was also plaintiff's employer and his liability would be restricted to workmen's compensation liability under our law. The only matter before us is the tort liability of Boykin.[1]
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] In the trial court Boykin also pleaded prescription with respect to his individual workmen's compensation liability to plaintiff but that exception was overruled.