346 So.2d 846 (1977)
Francis Warren GREER
v.
Ann Mylius GREER.
No. 11300.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
*847 Fred H. Belcher, Jr., Baton Rouge, for plaintiff.
Richard F. Knight of Talley, Anthony, Hughes & Knight, Bogalusa, for defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
*848 PONDER, Judge.
Over one year after a legal separation, plaintiff filed suit for a divorce and for change of custody of his two minor children. The trial judge granted the divorce, but awarded the permanent custody of the children to the defendant.
The only question before us is whether the lower court committed manifest error in awarding custody to the defendant.
We affirm.
In 1974 plaintiff obtained a legal separation. The custody of the two children was granted to Mrs. Greer on the basis of a joint stipulation. Plaintiff now contends that the welfare of the children would be better served by granting custody to him.
The trial court found the children were doing well in the present arrangement, that defendant was not an unfit mother, and that the best interest of the children would be served by the mother retaining custody. Plaintiff has the burden of showing this determination to be manifestly erroneous.
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), the court set out some guidelines in custody cases. The welfare of the children is the paramount consideration. This best interest will generally result in the grant of custody to the mother, especially when the children are young. The party seeking to change custody granted by a "considered decree" has a heavy burden. The discretion of a trial court will be disturbed only on a clear showing of abuse.
The only serious complaint of the plaintiff is that his wife has engaged in an adulterous relationship with another man since the separation. This relationship, he claims, has produced an adverse moral climate in the home. Mrs. Greer, admitting these liaisons, stated that she and the man planned to be married as soon as she got a divorce. Furthermore, their sexual relationship was discreet and completely hidden from the children.
One or several acts of adultery with the same paramour does not, per se, render morally unfit a mother who is otherwise suited for custody. Johnson v. Johnson, 331 So.2d 854 (La.App. 1st Cir. 1976), writ refused, La., 334 So.2d 436.
There is nothing else in the record to indicate that the defendant is in any way unfit to care for her children.
Plaintiff correctly cites Caraway v. Caraway, 321 So.2d 405 (La.App. 2nd Cir. 1975) writ refused, La., 323 So.2d 479, for the principle that the maternal preference rule is a rebuttable presumption. However, plaintiff still has the burden of rebutting the presumption by showing that the best interests of the children would be served by changing custody.
Plaintiff claims the trial court erred in requiring him to overcome the double burden of proof established in Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955): to change custody after a considered determination has been made, the plaintiff must show that the present environment is deleterious to the children and that he can provide a better environment.
The record does not show that the judge imposed the double burden. He merely indicated that the children had been with the mother since the separation, they were doing well under the present arrangement, and there was no reason to mandate a change.
Finally, plaintiff contends that the maternal preference rule established by Article 146[1] of the Civil Code is in violation of the Equal Protection Clause of the United States Constitution. A litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in an appellate court. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971); and Johnson v. Welsh, La., 334 So.2d 395 *849 (1976). The brief filed in this court is the first mention of any constitutional attack on the code article. We do not consider this assignment of error.
The judgment of the trial court is affirmed; plaintiff is cast with all costs of these proceedings.
AFFIRMED.
NOTES
[1] Art. 146. "If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge."