PONDER, Judge.
Plaintiff appealed from the denial of a change of custody of a minor child.
The issues are the burden to be borne by one seeking a change of custody; the claimed abuse of the court’s discretion and the constitutionality of the maternal preference rule.
We affirm.
The defendant was awarded custody of the minor children in a divorce granted in Florida. Only one child, now eight years old, is involved in these proceedings, the others having reached maturity.
Plaintiff first asserts that the “double burden”,[1] should not have been imposed since the Florida decree was not a “considered” one.
*656 It is true that the lower court spoke in terms of the custody having been set and the necessity to show a change for the better on the one part and for the worse on the other part. We held recently in McCarstle v. McCarstle (1st Cir. 1977) that the best interest of the child was the main consideration, and that a heavy burden was demanded of one who seeks to change custody, relying upon Monsour v. Monsour, La., 347 So.2d 203 (1977); Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972); and Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971).
The lower court examined the welfare of the child quite thoroughly despite the reference to the double burden and concluded that the child’s long term welfare was best served by continuing the custody in the mother even though temporarily his welfare might be best served by allowing the father temporary custody. This finding is entitled to great weight; it will not be disturbed in the absence of a clear showing of abuse. We find no abuse.
The plaintiff also contends that the lower court applied the maternal preference rule, and that this rule is unconstitutional. We find no evidence that the court applied the rule. At any rate, since the plaintiff failed to raise this issue at the trial, he cannot raise it on appeal. Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and Greer v. Greer, 346 So.2d 846 (La.App. 1st Cir. 1977), writs refused September 30, 1977.
The judgment is affirmed. The plaintiff is cast with all costs of this appeal.
JUDGMENT AFFIRMED.

. .it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.” Decker v. Landry, 227 La. 603, 80 So.2d 91, 92 (1955).