360 So.2d 230 (1978)
Edgar GIBSON
v.
EXXON CORPORATION.
No. 12041.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Patsy Jo McDowell, Baton Rouge, of counsel for plaintiff-appellant Edgar Gibson.
William N. Faller, and Calvin E. Hardin, Jr., Baton Rouge, of counsel for defendant-appellee Exxon Corp.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
This is an appeal by plaintiff, Edgar Gibson, from a judgment which sustained a peremptory exception of prescription filed by the defendants, Ed Percy and Jacob B. Swanson, Jr., and dismissed his suit for personal injuries.
On February 18, 1974, plaintiff was injured as a result of a work related accident. A suit in tort seeking damages was filed on February 14, 1975, against Exxon Corporation. Exxon answered and filed a motion for summary judgment, contending that plaintiff's sole remedy against Exxon, allegedly a "principal employer" under LSA-R.S. 23:1061, is provided under the Workmen's Compensation Act.
On March 30, 1977, plaintiff filed a "Supplemental and Amending Petition" joining Ed Percy, Jacob B. Swanson, Jr. and Maryland Casualty Company[1] as additional defendants.
The trial court on April 1, 1977, granted Exxon's motion for summary judgment, and dismissed the suit against Exxon. Plaintiff did not appeal this judgment.
On July 11, 1977, defendants, Percy and Swanson, filed a peremptory exception of prescription, contending that they were not sued timely because they were not joined as defendants within the one year prescriptive period. This exception was sustained and the suit dismissed on August 1, 1977.
*231 Tort actions prescribe in one year. LSA-C.C. art. 3536. Accordingly, this suit against defendants, Percy and Swanson, filed on March 30, 1977, more than one year after plaintiff's injury, is prescribed, absent a suspension or interruption of prescription.
Plaintiff contends that prescription against Percy and Swanson was interrupted by the timely filed suit against Exxon. Plaintiff relies on LSA-C.C. art. 2097, which provides:
"A suit brought against one of the debtors in solido interrupts prescription with regard to all."
This article is applicable only between solidary debtors. Therefore, there must exist a solidary obligation to plaintiff on the part of Exxon and the defendants joined after the lapse of the prescriptive period. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975).
However, Exxon is not liable to plaintiff on the claim in tort asserted in the instant suit. LSA-R.S. 23:1032 and 23:1061.
Accordingly, LSA-C.C. art. 2097 is not applicable since Exxon cannot be a solidary debtor with defendants, Percy and Swanson. Favors v. Southern Industries, Inc., 344 So.2d 693 (La.App. 1st Cir. 1977).
The trial court properly sustained defendant's exception of prescription and dismissed plaintiff's suit.
For the above reasons, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] Plaintiff's suit against Maryland Casualty Company was dismissed on June 27, 1977, after the trial court sustained Maryland's motion for summary judgment. Plaintiff did not appeal this dismissal.