368 So.2d 1187 (1979)
Louis D. ARNAUD, (Plaintiff-Appellant),
v.
MOLBERT BROTHERS POULTRY & EGG COMPANY, INC., (Defendant-Appellee).
No. 6890.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1979.
John L. Van Norman, III, Lake Charles, for plaintiff-appellant.
Plauche, Smith, Hebert & Nieset, Frank M. Walker, Jr., Raggio, Cappel, Chozen & Berniard by Frederick L. Cappel, Lake Charles, for defendant-appellee.
Before CULPEPPER, FORET and DOUCET, JJ.
DOUCET, Judge.
The issue raised by this appeal is whether or not the filing of a petition for workmen's compensation benefits interrupts the prescriptive period for bringing a tort action arising out of the same accident, when the allegations in the petition are sufficient for bringing the former but not the latter. We hold that prescription is not interrupted in such cases.
This suit was brought by plaintiff to secure indemnification for injuries he allegedly sustained while performing duties arising out of and during the course and scope of his employment by defendant. The original petition, filed July 23, 1973, was captioned as a petition for workmen's compensation *1188 benefits. It contained factual allegations, which although sufficient for a workmen's compensation suit, were inadequate as a basis for pursuing a claim in tort.
On January 14, 1976, a first amending and supplemental petition was filed which included a prayer for tort damages and the factual allegations necessary to support such an action. The district court sustained the peremptory exception of prescription raised by defendant, because the tort claim was asserted more than a year after the date of the accident. Plaintiff appeals this ruling, claiming that the running of prescription was interrupted by the filing of the original petition.
Absent a suspension of interruption, tort actions prescribe in one year. La.Civil Code art. 3536. Plaintiff contends that prescription was interrupted in this case by L.S.A. R.S. 9:5801, which provides:
"The filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts."
In order to determine the applicability of this provision to a particular case, an understanding of the meaning of the phrase "cause of action" is necessary.
In Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975), which was relied upon by the district court, our supreme court discussed at length the meaning of this phrase. After reviewing the jurisprudence relevant to this point, the court concluded:
"The causes of action, however, are different, a cause of action being an act by a defendant which gives a plaintiff a right to invoke judicial interference on his behalf."
Plaintiff's original petition did not allege any acts by the defendant which would have entitled him to bring a tort action. There was no assertion that plaintiff's injuries were the result of defendant's breach of any duty owed to him. Therefore, it did not set forth a cause of action in tort.
The difference between the two petitions is not limited to the demands, as suggested by counsel for plaintiff in his brief. The original petition alleged a cause of action for workmen's compensation benefits, based essentially on defendant's employment of plaintiff at the time he was injured. The first amending and supplemental petition alleged an entirely different cause of action, based on defendant's alleged grossly negligent maintenance of its premises which produced a dangerous substance, the presence of which was known to defendant's executives. The factual allegations of the two were significantly different.
Our decision is entirely harmonious with Lemieux v. Cousins, 154 La. 811, 98 So. 255 (1923) in which the court dealt with the converse situation of the institution of a suit in tort, followed by a workmen's compensation action. The original petition in that case contained all of the factual allegations necessary for a workmen's compensation suit. In this case, the original petition did not contain the factual allegations needed to litigate a claim in tort.
For the above and foregoing reasons, the decision of the district court is affirmed. The costs of this appeal are assessed against Plaintiff-Appellant.
AFFIRMED.