392 So.2d 109 (1980)
Arthur Gerald ROGERS et al.
v.
PAYNE AND KELLER OF LOUISIANA, INC. et al.
No. 13575.
Court of Appeal of Louisiana, First Circuit.
October 6, 1980.
Rehearing Denied December 15, 1980.
Writ Refused February 20, 1981.
Eugene A. Booth, Baton Rouge, for plaintiffs-appellants Arthur Gerald Rogers and Martha Rogers Willis.
John S. White, Jr., Baton Rouge, for defendants-appellees Payne and Keller of Louisiana, Inc., and Maryland Cas. Co.
John M. Parker, Baton Rouge, for defendants-appellees Shell Chemical Co., Aetna Ins. Co. and Morgan Lane.
William T. Kivett, Baton Rouge, for intervenor-appellant Maryland Cas. Co.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Plaintiffs filed suit as surviving parents of their minor son, David B. Rogers, who was killed in an industrial accident on October 24, 1975, while employed in the maintenance department of Payne and Keller of Louisiana, Inc. (Payne and Keller).
The original suit was filed against Payne and Keller and its insurer and Shell Chemical Company (Shell) and its insurer. The plaintiffs allege that at the time of their son's death, he had been assigned by Payne and Keller to work for Shell under the supervision of Morgan Lane, a Shell supervisor. While cleaning a lime silo, his safety harness malfunctioned and he fell approximately sixty feet to his death. Payne and Keller and their insurer filed an exception of no right of action, which motion was granted dismissing plaintiffs' suit as to *110 these defendants. Shell and its insurer filed a motion for summary judgment alleging that Shell was the statutory employer of the deceased and, as such, immune from tort liability. LSA-R.S. 23:1032 and 1061.
Plaintiffs amended their suit to name as defendants Shell supervisor Morgan Lane and Billy M. Walker, a superintendent for Payne and Keller. This amending petition was filed in March, 1979. Both filed peremptory exceptions of prescription on the basis that they were not sued in tort within one year and, if Shell prevailed on its motion for summary judgment, there were no defendants sued within one year with whom they were solidarily liable. Plaintiffs urge that Shell was in fact a joint tortfeasor, but could not be sued in tort because of the immunity granted it by the workmen's compensation act (cited above). Therefore, plaintiffs argue, prescription was interrupted under La.C.C. art. 2097, which provides that a suit brought against one of the debtors in solido interrupts prescription with regard to all.
As noted by the trial judge, this court has expressly ruled that filing of a suit against a defendant [who] was not liable to plaintiff on a tort claim did not interrupt prescription against other defendants sued more than a year after plaintiff's injury, since the first sued defendant could not be a solidary debtor with the other defendants. This court dealt with the same issue in Gibson v. Exxon Corporation, 360 So.2d 230 (La.App. 1st Cir. 1978), writ denied 362 So.2d 575 (La.1978). In that case, the plaintiff sued Exxon Corporation in damages but the defendant was held to be a "principal employer" under LSA-R.S. 23:1061, thus relegating plaintiff to workmen's compensation as his sole remedy. Subsequent to one year after the accident, plaintiff joined two individuals and an alleged insurer as additional defendants. The insurer was released by summary judgment. In response to the individuals' peremptory exception of prescription of one year, plaintiff contended that the timely filing of his suit against Exxon interrupted prescription against the exceptors, citing LSA-C.C. Art. 2097 in support of his position.[1] The trial court rejected this contention and sustained the plea of prescription; its action was affirmed by this court which said, inter alia, at page 231:
"This article is applicable only between solidary debtors. Therefore, there must exist a solidary obligation to plaintiff on the part of Exxon and the defendants joined after the lapse of the prescriptive period. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975).
"However, Exxon is not liable to plaintiff on the claim in tort asserted in the instant suit. LSA-R.S. 23:1032 and 23:1061.
"Accordingly, LSA-C.C. Art. 2097 is not applicable since Exxon cannot be a solidary debtor with defendants ...."
The summary judgment in favor of Shell was proper. The work being done by David D. Rogers was within the trade, business or occupation of his principal, Shell. As a statutory employer, the principal, under LSA-R.S. 23:1061, receives the ex delicto immunity set forth in LSA-R.S. 23:1032. Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852 (La.1950).
Appellants, by supplemental brief in this court, raise the issue of the constitutionality of R.S. 23:1032, as amended by Act 147, 1976, for the first time. Since they failed to plead the alleged unconstitutionality in the trial court, we will not consider it. Greer v. Greer, 346 So.2d 846 (La.App. 1st Cir. 1977), writ denied 349 So.2d 1272 (La.).
The trial court's judgment is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] A suit brought against one of the debtors in solido interrupts prescription with regard to all.