REDMANN, Judge.
Plaintiff appeals from the dismissal on exception of prescription of its demand for damages from fire originating in an adjacent building owned by defendant.
The question is whether citation and service of process upon a person who is mistakenly sued individually as the owner of the offending property interrupts prescription as to the true corporate owner, when the person sued is president and agent for service of process of the corporation. (Plaintiff filed a pleading, after prescription would have accrued, seeking to amend its petition to substitute the corporation for the individual defendant.)
The answer is found in Andrepont v. Ochsner, La.App.Orl. 1955, 84 So.2d 63, and Norwich Union Ind. Co. v. Judlin & Whitmire, La.App.Orl. 1927, 7 La.App. 379, writ refused. In both Andrepont and Norwich, timely suit against the corporate president was ruled sufficient notice to the corporation to interrupt prescription. Presumably the trial judge ruled as he did because Andrepont is said by McClendon v. Security Ins. Co. of Hartford, La.App. 4 Cir. 1976, 340 So.2d 426, to have been impliedly overruled (by Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., La. 1974, 296 So.2d 271.) That dictum of McClendon was not part of its ratio, however, and McClendon itself pointed out the factual distinction between itself and Andrepont, namely McClendon’s timely suit against the corporation as not constituting notice to the president, as opposed to Andrepont’s timely suit against the president as constituting notice to the corporation. We point out that Majesty was simply not a case concerning interruption of prescription as to a corporation by suit against its president or vice versa. Majesty was a suit against a nonexistent defendant at a nonexistent place and it is not controlling here.
Andrepont controls. Timely suit against the corporate president, even in his individual capacity, was sufficient to interrupt prescription as against the corporation.
Reversed.