REDMANN, Judge.
Plaintiff appeals from the dismissal of a late-joined defendant on an exception of prescription. The preliminary question is whether that defendant may be solidarily liable with any of the other defendants, because suit against one solidary co-obligor interrupts prescription as to all. We conclude that that defendant is not liable at all and we therefore affirm.
Plaintiff alleges he slipped and fell in a railroad car while unloading bags of clay; that the car’s door and its track were damaged so that the door could not close fully and admitted rain which mixed with the clay to make the floor dangerously slippery; that the shipper of the clay, its shipping agent, the owner of the car, a railroad company which hauled the car, and (by late supplemental petition) another railroad company and the City of New Orleans through the Public Belt Railroad Commission (which also moved the car) all knew the car’s dangerous condition but “used the damaged car when possible bodily injury was foreseeable.”
Because of the rule that suit against one solidary co-obligor interrupts prescription against all, the question of whether solidary liability may exist will often be determinative of an exception of prescription filed by a defendant added late to a timely filed lawsuit. The exception of prescription in this case would raise the solidarity question. If Public Belt and any of the timely-sued defendants are liable for plaintiff’s damages under the petitioner’s allegations, then they would be liable in solido because they would meet the definition of La.C.C. 2091: each would owe the entire amount of the *279 damages and payment by either would discharge the other towards the tort victim creditor; Foster v. Hampton, 381 So.2d 789 (La.1980).
Accordingly, resolution of the solidarity question in favor of prescription requires a conclusion either that the late-joined defendant is not liable under the petition’s allegations (in which case the exception of no cause of action would seem more directly appropriate), or that none of the timely-joined defendants is liable under the allegations.
We conclude that the petition does not state a cause of action against Public Belt (and therefore, although it is superfluous to say so, Public Belt is not liable at all and therefore not liable in solido with anyone timely sued and therefore the running of prescription in its favor was not interrupted by timely suit against others allegedly liable). The petition does not state a cause of action because it makes no factual allegations from which it could be concluded that Public Belt had a duty towards persons whose employment and expertise it is to unload freight cars either (1) to report to them that the door did not fully close and admitted rain which with the clay cargo caused the floor to be muddy and slippery (all of which must be as obvious to the expert freight car unloader as to Public Belt) or (b) to refuse to move the car from the delivering railroad to its ship destination on the ground that it is probably slippery inside, or (c) to do anything else under the circumstances recited. We cannot find any breach of any duty owed to plaintiff by Public Belt, on the allegations of the petition. Nor can we suppose any amendment that would state a cause of action against Public Belt. The dismissal of Public Belt was therefore correct.
Affirmed.