427 So.2d 932 (1983)
O'Neil MELANCON
v.
TASSIN AMPHIBIOUS EQUIPMENT CORPORATION and Their Insurer, Argonaut Insurance Company; Pipeline, Inc. and Their Insurer, Travelers Insurance Company; and Texaco, Inc.
No. CA-0251.
Court of Appeal of Louisiana, Fourth Circuit.
February 3, 1983.
Rehearing Denied March 24, 1983.
*933 Eugene D. Brierre, Brierre & Malone, New Orleans, for plaintiff-appellant, O'Neil Melancon.
R. Henry Sarpy, Jr., Nat G. Keifer, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for defendants-appellees, Texaco, Inc., Pipelines, Inc., and Travelers Ins. Co.
Paul G. Preston, Christovich & Kearney, New Orleans, for defendant-appellee, James Tassin.
Before KLEES, BARRY and CIACCIO, JJ.
KLEES, Judge.
This is an appeal by plaintiff O'Neil Melancon from a judgment dismissing his personal injury suit on summary judgment and dismissing certain executive officers on exceptions of prescription.

FACTS
In 1970, Texaco Oil Company leased and operated an oil field called the "Garden Island Bay Field", located near the mouth of the Mississippi River in Plaquemines Parish. Due to insufficient pressure in the field, some of the oil reserves would not come to the surface. Therefore, Texaco had installed a secondary life system in the field, called a gas life system. Subsequent to the installation of the gas life system, Texaco decided to enlarge the system by installing larger main pipelines.
In order to update and enlarge the system, Texaco contracted with Pipelines, Inc. to install the new pipes. For Pipelines to properly complete the contract, it needed certain equipment which the company did not possess. So, it rented the needed equipment, including a dragline marshbuggy, from Tassin Amphibious Equipment Company. To operate the equipment, two of the personnel from Tassin, the operator and the oiler of the marshbuggy were also used. The plaintiff in this case, O'Neil Melancon, was the operator of the buggy.
On August 4, 1970, the plaintiff was operating the dragline marshbuggy in order to dig a trench and connect a pipeline in the Garden Island Bay Field. Texaco had one inspector at the work site, and Pipelines, Inc. had two of its employees supervising the job. At the direction of one of the employees from Pipelines, the plaintiff proceeded to move the marshbuggy to a nearby location. As the buggy proceeded, it rolled over a gas pipe at the edge of the marsh, and gas immediately started to escape from the pipe.
The oiler of the marshbuggy, Mr. Broussard, attempted to turn the ignition key to cut off the motor. However, he was unable to do so, and to protect himself, Mr. Broussard jumped off the buggy and ran into the marsh.
After his oiler failed to shut off the engine, the plaintiff attempted to pull the choke to stop the engine. But before he was able to do so, an explosion occurred which severely burned the plaintiff.
*934 A procedural history of the case is necessary in order to clarify the issues presented on appeal.
On July 28, 1971, suit was filed by the plaintiff stating a cause of action in tort against Texaco Oil Company, Pipelines, Inc., and its insurer Travelers Insurance Co., and a cause of action in workmen's compensation against Tassin Equipment Company and its insurer.
On April 15, 1980, some nine years later, a motion to set for trial on the merits was filed.
On January 8, 1982, the defendants Texaco and Pipelines filed a Motion for Summary Judgment seeking to dismiss the tort suit on the ground that the plaintiff's exclusive remedy was under Workmen's Compensation Law.
On January 21, 1982, the Motion for Summary Judgment was argued, and the Court took the matter under advisement.
On January 25, 1982, the case went to trial on the merits. The court at this time had not yet ruled on the summary judgment. The case was not completed but was held as an open case.
On February 1, 1982, the plaintiff filed an Executive Officers' suit in Jefferson Parish[1] naming as defendants the executive officers of Texaco and Pipelines, Inc.
On April 13, 1982, the Motion for Summary Judgment was granted to the defendants, dismissing the plaintiff's tort action.
On April 16, 1982, the plaintiff filed a Motion for a New Trial, regarding the dismissal of the tort action. This motion was later denied.
On April 20, 1982, the plaintiff filed a supplemental petition in Plaquemines Parish. This petition named as defendants the executive officers of Texaco and Pipelines, Inc., as well as James Tassin, as executive officer of Tassin Equipment Corp.
Texaco and Pipelines then filed an Exception of Prescription on behalf of its officers. The exception was argued and judgment rendered dismissing the suit against the executive officers of Texaco and Pipelines, Inc. on the basis of prescription.
Finally, on August 11, 1982, the plaintiff filed this appeal alleging two errors by the trial court. First, the plaintiff contends that the trial judge erred in rendering a summary judgment in favor of the defendants. Secondly, the plaintiff argues that the trial judge erred in dismissing the executive officer's suit on an exception of prescription.

SUMMARY JUDGMENT
Louisiana Workmen's Compensation Law provides that the principal for whom a contractor is performing work which is part of the principal's "trade, business or occupation", shall be liable for workmen's compensation benefits to the contractor's employees. La.R.S. 23:1061.
Coincident with this responsibility of the statutory employer, the Louisiana Workmen's Compensation Act limits the recovery of a contractor's employee to compensation benefits. La.R.S. 23:1032. The import of these two statutes is that a statutory employer cannot be sued in tort. However, the exclusive remedy defense will not bar a tort action against the principal if it is not a statutory employer, that is, if the work performed by the contractor was not part of the defendant's "trade, business or occupation".
Therefore, this court must decide whether the work done by Mr. Melancon was part of the "trade, business or occupation" of Texaco, because if Texaco is deemed to be a statutory employer pursuant to La.R.S. 23:1061, then Texaco's exclusive liability is Workmen's Compensation benefits.
The jurisprudence of Louisiana is somewhat inconsistent in articulating a test for determining who is a statutory employer. The first pronunciation of a standard in this area came in the landmark case of Thibodaux v. Sun Oil Company, 218 La. 453, 49 So.2d 852 (1950). In Thibodaux, the Court *935 articulated the so called "essential to business" test. Under this test, the statutory employer-employee relationship exists between a principal and the employee of its subcontractor whenever the work done by the employee is essential to the principal's business.
The Louisiana Supreme Court in Reeves v. Louisiana-Arkansas Railroad, 282 So.2d 503 (La.1973) expressed another test to determine whether the work performed by a contractor's employee is part of the principal's trade, business or occupation. In Reeves, the Court did not explicitly mention the "essential to business" test. Rather, the Court seemed to focus in on whether the work activity was of the type customarily done by the principal.
The Fifth Circuit United States Court of Appeal, recognized the existence of two different standards in Blanchard v. Engine and Gas Compressor Services, 613 F.2d 65 (5th Cir.1980). The court then certified the question to the Louisiana Supreme Court. The State Court refused to answer the question and referred the Fifth Circuit to Reeves v. Louisiana Arkansas Railroad, supra. The Fifth Circuit after an excellent analysis of the applicable Louisiana cases enunciated its own test.
The court stated at p. 71:
"The proper standard, as we see it, is whether the activity done by the injured employee or his actual immediate employer is part of the usual or customary practice of the principal or others in the same operational business.
More specifically, we should first consider whether the particular principal involved in the case customarily does the type of work performed by the contractor and whether the contractor's work is an integral part of the work customarily performed by the principal. If either of these situations exist, then there is a statutory employment relationship, and the inquiry ends there. If however, the principal does not normally engage in this type of activity, or if it is not normally a part of his practices, then it is necessary to determine if others engaged in business similar to that of the principal customarily do this type of work or if it is an integral part of their businesses. If either of these inquiries yields an affirmative answer, then the general custom of the trade will control to make the relationship between the principal in question and his contractors' employees that of statutory employer and employee."
Regardless which standard is applied, we hold that the trial court correctly granted Texaco and Pipelines, Inc. a summary judgment. A grant of summary judgment is appropriate only where it appears from the pleadings, depositions, admissions, answers to interrogatories, and affidavitsconsidered in the light most favorable to the opposing partythat there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." La.C.C.P. art. 966.
Examining the showing made by Texaco to determine whether the work-injury activity of the plaintiff Mr. Melancon was part of Texaco's trade, business or occupation, we conclude that the relevant contracts and affidavits submitted indicate that the activity was an integral part of Texaco's trade.
Unquestionably, the upgrading of a gas lift system is part of the regular trade, business and occupation of an oil company. And, the sole fact that Texaco contracted the work to another company does not prevent the labor from being part of Texaco's regular business. Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978).
The affidavits supporting a motion for summary judgment must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. La.C.C.P. art. 967.
The affidavits of Alvin Elroy Roemerhauser, the Division Superintendent of Gas Operations, and Patrick Henry Green, the Project Engineer for Texaco, meet the above stated criteria. Furthermore, these affidavits attest to the following matters.
*936 That at the time of the accident, Texaco had a developed oil field at Garden Island Bay. The field was old, and the oil would not flow from the ground to the surface under its own pressure. Therefore, Texaco had installed a secondary recovery system, commonly called a "gas lift system".
That at the time of the accident, Texaco was expanding the gas lift system and was installing larger main pipelines. The affidavits further attest that this type of secondary recovery system is a common and accepted practice in the oil business, especially in the marshy areas of Louisiana, and that it is the usual and customary practice of Texaco to use a gas lift system in such areas.
Texaco does lay some pipelines with their own personnel. However, it is Texaco's practice to generally contract out this operation to contractors, such as Pipelines, Inc., particularly for larger sized lines. In this case, Texaco did contract with Pipelines, Inc. to install the larger lines, and during this procedure the plaintiff was injured.
The affidavit of Eddie Lennard, past president of Pipelines, Inc., supports the position of Texaco. He stated that it is common practice for oil companies to contract out the laying of pipelines for secondary gas lift systems.
The contracts and affidavits submitted by Texaco and Pipelines, Inc. clearly demonstrate that there is no genuine issue of a material fact regarding whether the work done by the plaintiff was part of the trade, business or occupation of Texaco.
Pipelines, Inc. is also the statutory employer of the plaintiff because Pipelines contracted the laying of the pipeline from Texaco within the meaning of La.R.S. 23:1061. See Fultz v. Mc Dowell, 344 So.2d 410 (La.App. 1st Cir.1977).
In Barnes v. Sun Oil Company, supra, Sun Oil Co. contracted out the maintenance and repair work of its oil fields to WECO. This work included the repair of the gas lift system and the flow lines. Our Supreme Court held that this work was part of Sun's regular business, and therefore Sun's exclusive liability was Workmen's Compensation. We cannot distinguish the factual situation here from the one in Barnes and because of this, conclude that the trial court correctly awarded a summary judgment for the defendants, dismissing the tort action of the plaintiff.

PRESCRIPTION
Plaintiff argues that his supplemental tort action against the executive officers and employees of Texaco and Pipelines, Inc. was improperly dismissed on the ground of prescription. He contends that his original tort suit against Texaco and Pipelines interrupted prescription as to the officers and employees of the companies.
La.R.S. 9:5801 states in pertinent part:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors and interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue."
The filing of a petition interrupts prescription only as to defendants named in the petition relied upon, in the absence of solidary liability between an unnamed defendant and a defendant who is properly named in the timely filed petition. Majesty v. Comet-Mercury-Ford Company of Lorain, Michigan, 296 So.2d 271 (La.1974).
The executive officers and employees of Texaco and Pipelines were not named as defendants in the original tort suit, therefore unless the officers are solidarily liable with their employers, the prescriptive period running against them was not interrupted.
The plaintiff asserts that the officers are solidarily liable with their employers and that prescription was interrupted as to the officers. The plaintiff relies on La.C.C. art. 2320 which states in relevant part:
Masters and employers are answerable for the damages occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
He also relies on Foster v. Hampton, 381 So.2d 789 (La.1980), which held that when a *937 servant's actions during his employment creates an unreasonable risk of harm to another, any resulting liability is solidary with that of his master. The injured party has only one cause of action against both, and suit against either the employer or the employee will interrupt prescription as to the other. In Foster, our Supreme Court found a master and servant solidarily liable although the master's liability is vicarious and they are not joint tort-feasors. See also Kern v. Travelers Insurance Company, 407 So.2d 2 (La.App. 4th Cir.1981); Lee v. Illinois Central Gulf Railroad Co., 410 So.2d 278 (La.App. 4th Cir.1982). However, none of the above cases involved the workmen's compensation statutes.
Compare McClendon v. Security Ins. Co. of Hartford, 340 So.2d 426 (La.App. 4th Cir.1976). In McClendon, the plaintiff originally filed suit to recover workmen's compensation benefits against the corporate employer. This filing was held not to interrupt the one-year prescription applicable to the plaintiff's alternative tort claim against officers of the corporation.
Appellees concede it is a well settled rule in Louisiana that the timely filing of a petition interrupts prescription where a solidary obligation exists between an original defendant and an unnamed defendant. However, they argue that this well settled rule is not applicable to the facts of the instant case.
The appellees contend that there is no solidary obligation between a corporate employer whose liability is limited to workmen's compensation and an executive officer whose liability is in tort. Appellees rely primarily on Rogers v. Payne and Keller of Louisiana, 392 So.2d 109 (La.App. 1st Cir. 1980), writ denied 396 So.2d 1327 (La.1981). In Rogers, the plaintiffs filed suit against a corporate employer. The employer was held to be a statutory employer and therefore immune from tort liability. Subsequent to one year after the accident, the plaintiffs amended their suit to name various executive officers as solidary obligors. The Court held that there was no solidary obligation between the employer and the executive officers. In accord, Gibson v. Exxon Corporation, 360 So.2d 230 (La.App. 1st Cir.1978), writ denied 362 So.2d 575 (La. 1978).
As we have previously found plaintiff to be a statutory employee of Texaco and Pipelines, it follows that there is an absence of solidary liability between Texaco and Pipelines and their respective executive officers. Thus, we conclude that the trial court properly dismissed the executive officers of Texaco and Pipelines on the basis of prescription.

PRESCRIPTION ISSUE APPLICABLE TO DEFENDANT JAMES TASSIN
On April 20, 1982, the plaintiff filed a supplemental petition in which he named as defendants certain executive officers of Texaco and Pipelines, Inc. He also named James Tassin as an executive officer of Tassin Amphibious Equipment Corporation.
Prior to April, 1982, the only related claim made by the plaintiff was a workmen's compensation claim against the Tassin Corporation. That claim had been brought on July 28, 1971.
The trial court dismissed the executive officer suit against Mr. Tassin based on an exception of prescription. We agree with the conclusion of the trial court. Mr. Melancon's filing of a workmen's compensation suit against Tassin Corporation in 1971 is not sufficient to interrupt prescription of a claim based in tort brought more than 10 years later.
This precise issue was decided in Arnaud v. Molbert Bros. Poultry and Egg Co., Inc., 368 So.2d 1187 (La.App. 3rd Cir.1979). In Arnaud, the court held that the filing of a petition for workmen's compensation benefits does not interrupt the prescriptive period for bringing a tort action arising out of the same accident, when the allegations in the petition are sufficient for bringing the former but not the latter.
The allegations of the plaintiff in the instant case were insufficient to bring a tort action against Tassin Corporation. For this reason, the filing for workmen's compensation *938 benefits did not interrupt the prescriptive period for a tort action arising out of the same accident.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

ON REHEARING
PER CURIAM.
In his Application for Rehearing, the plaintiff-appellant argues that he had the absolute statutory right to bring a tort action against his employer. This contention is without merit. At the time this suit was filed, LSA-R.S. 23:1101 provided that an injured employee retained a cause of action in tort against persons other than the employer (emphasis added). Since this court found both Texaco and Pipelines, Inc. to be the statutory employers of the plaintiff, the plaintiff's exclusive remedy was under Workmen's Compensation Law.
Accordingly the judgment rendered is to remain unchanged and the application for Rehearing is denied.
NOTES
[1] The original suit was filed in Plaquemines Parish.