CHEHARDY, Judge.
Plaintiff, O’Neil Melancon, appeals from a judgment dismissing his suit for personal injuries against certain executive officers and their insurer on exceptions of prescription.
Melancon was injured on August 4, 1970 at Texaco corporation’s Garden Island Bay Field in Plaquemines Parish near the mouth of the Mississippi River.
At the time of the accident he was driving a dragline marshbuggy belonging to his employer, Tassin Amphibious Equipment Corp. The buggy had been rented by Pipelines, Inc., which in turn had contracted with Texaco to install and enlarge a gas line system at their field.
The buggy ran over a concealed gas pipe at the edge of the marsh, causing the escaping gas to explode and Melancon was severely burned.
On July 8, 1971 Melancon filed suit for workmen’s compensation in Plaquemines Parish against Tassin and its compensation insurer, and alternatively in tort against Texaco, Pipelines and its insurer Travelers Insurance Company. This suit was later amended in 1982 to include executive officers and was finally dismissed on motion for summary judgment and prescription.[1]
On February 1, 1982, before the suit in Plaquemines became final, plaintiff filed the tort suit in Jefferson Parish with which we are here concerned, naming as defendants 10 employees, executive officers, directors, and/or agents of Texaco, Pipelines and Tassin and their named insurer, Travelers Insurance Company, based upon the 1970 accident.
Travelers and three of the named defendants filed exceptions of prescription which were maintained by the trial court. Plaintiff has appealed.
Tort actions in Louisiana are prescribed in one year. LSA-C.C. art. 3536. When plaintiff’s cause of action has prescribed on the face of his own petition he has the burden of proof as to facts which would have the effect of interrupting or avoiding prescription. Yarbrough v. Louisiana Cement Co., Inc., 370 So.2d 602 (La.App. 4th Cir.1979).
Plaintiff contends prescription was interrupted by filing of the original suit in Plaquemines in 1971 under the provisions of LSA-R.S. 23:1101.
It is his position that although Act 147 of 1976 amended LSA-R.S. 23:1032 and 23:1101 to eliminate an injured employee’s tort suit against an executive officer, the law in effect at the time of the accident permitted such a claim.
We are not concerned here with plaintiff’s right to institute such a suit, but rather whether or not that right had prescribed. He refers us to LSA-R.S. 9:5801, which provides in pertinent part:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. * * * ” (Emphasis added.)
It is plaintiff’s position that under the provisions of this statute, his original suit filed in a court of competent jurisdiction, *519 interrupted prescription as to all other defendants.
Our Supreme Court has held that reference to “all defendants” under this statute implies defendants who are named as such in the petition relied upon, in the absence of solidary liability between an unnamed defendant and a defendant who is properly named in a timely filed petition. Majesty v. Comet-Mercury-Ford Co. of Lorain, Mich., 296 So.2d 271 (La.1974); see also Melancon v. Tassin Amphibious Equipment Corp., supra, note 1; Schlumbrecht v. Executive Officers, Etc., 371 So.2d 389 (La.App. 4th Cir.1979).
The court in Majesty also said, “[I]t is now understood * * * that an amending petition to correct a misnomer does not relate back to the filing of an original petition.”
The issue of whether or not there can be solidary liability between a corporate employer whose liability would be in workmen’s compensation, and an executive officer whose liability would be in tort was addressed in the ease of Rogers v. Payne & Keller of Louisiana, Inc., 392 So.2d 109 (La. App. 1st Cir.1980). There the court held there was no solidary liability between the employer and the executive officers. Rogers relied on an earlier decision to the same effect. Gibson v. Exxon Corporation, 360 So.2d 230 (La.App. 1st Cir.1978), writ denied, 362 So.2d 575.
We find no solidary liability in the case before us. We also note that the acts of negligence against the executive officers are different from those acts of negligence attributed to the corporate defendants in the original suit.
In a similar situation our Supreme Court dismissed a later-filed suit against executive officers based upon different acts of negligence. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975).
We are further referred to cases which hold that prescription has been interrupted where exceptional circumstances have existed, such as filing a suit against an erroneously-named defendant whose close relationship with the correct defendant is such that notice to the erroneous defendant implies notice to the correct defendant. Stewart v. Maloney Trucking & Storage, Inc., 147 So.2d 62 (La.App. 4th Cir.1962); Brooks v. Wiltz, 144 So.2d 413 (La.App. 4th Cir. 1962); Peyton v. Torg Films Co., 370 So.2d 613 (La.App. 4th Cir.1979).
We find no exceptional circumstances here. The original petition named the correct defendants. The named and unnamed defendants are not so closely related that the filing of a suit against the corporate defendants imparted knowledge of the judicial assertion of the cause of action to the later-named defendants.
A similar matter was addressed in McClendon v. Security Ins. Co. of Hartford, 340 So.2d 426 (La.App. 4th Cir.1976). Plaintiff filed suit against her employer on May 6, 1974, and on October 1, 1975 filed a supplemental and amended petition against its executive officer. He, in turn, filed an exception of prescription which was maintained.
On appeal plaintiff contended there was a close relationship between the employer and the executive officer and thus the latter had timely notice of the claim.
The court said, “Knowledge to the corporation is not necessarily knowledge to the individual president, and the record before us does not demonstrate that Boykin [the officer] necessarily had knowledge of the suit when filed.” 340 So.2d at page 428.
As noted in the reasons for judgment in the instant case, “The suit against the employers eleven years ago without naming the executive officers who are the defendants in this lawsuit does not constitute sufficient notice to interrupt prescription *
We agree with that conclusion.
For the reasons assigned the judgment appealed from is affirmed, all costs in both courts to be paid by plaintiff-appellant.
AFFIRMED.

. See Melancon v. Tassin Amphibious Equipment Corp., 427 So.2d 932 (La.App. 4th Cir. 1983).