538 So.2d 1133 (1989)
Juan Dale CROCKETT
v.
AVONDALE SHIPYARDS, INC.
No. 88-CA-629.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
Writ Denied April 14, 1989.
Trevor G. Bryan, Jefferson, Bryan, Gray & Jupiter, for plaintiff-appellant.
*1134 Henry S. Provosty, William B. Schwartz, New Orleans (Burke & Mayer, of counsel), for defendant-appellee Penrod Drilling Co.
Before KLIEBERT, BOWES and GOTHARD, JJ.
KLIEBERT, Judge.
Plaintiff Juan Dale Crockett appeals a judgment which dismissed his personal injury suit against Penrod Drilling Company on an exception of prescription.[1] Crockett contends his timely tort suit against his statutory employer, Avondale Shipyards, Inc., interrupted prescription against Penrod Drilling because of their solidary obligation. Therefore, he argues the trial court erred in sustaining the exception. We hold an employer's obligation under the Worker's Compensation Act is not a solidary obligation with the obligation of a potential third party tortfeasor. Accordingly, we affirm the judgment of the trial court.
Juan Dale Crockett, a welder furnished to Avondale Shipyards, Inc. by Universal Systems, Inc., was injured at the shipyard on July 6, 1981 while working on a drilling rig owned by Penrod Drilling Company. Crockett sued Avondale Shipyards in tort on July 6, 1982 and four years later (June 27, 1986) amended the petition to name Penrod Drilling as a defendant. Summary judgment was rendered dismissing Avondale Shipyards on the grounds it was Crockett's statutory employer and thus entitled to the ex delicto immunity set forth in the Worker's Compensation Act, i.e., LSA-R.S. 23:1032. Crockett did not appeal this judgment; hence, it is now final. Penrod Drilling's exception of prescription was sustained by the trial court because it was not joined as a defendant within the one year prescription established by La.C.C. Article 3492 for delictual actions.[2]
Here Crockett contends the timely filing of his tort suit against Avondale Shipyards interrupted prescription against Penrod Drilling. He cites as authority La.C.C. Article 1799, which provides that the interruption of prescription against one solidary obligor also interrupts prescription against all other solidary obligors and their heirs. On the other hand Penrod Drilling contends there can be no in solido obligation between it and Avondale because Avondale was immune from tort liability by virtue of the exclusive remedy provisions of LSA-R.S. 23:1032. For the reasons hereinafter stated we hold Penrod Drilling's appreciation of the law is correct.
In Gibson v. Exxon Corporation, 360 So.2d 230 (La.App. 1st Cir.1978) writ denied 362 So.2d 575 (La.1978) the plaintiff sued his employer in tort and over one year after the accident filed an amended petition joining two individuals as defendants. Summary judgment was rendered in the employer's favor based on LSA-R.S. 23:1032. In response to exceptions of prescription of one year filed by the individual defendants, the plaintiff argued the timely suit against the employer interrupted prescription against the individual defendants, citing former La.C.C. Article 2097 (now Article 1799). The trial court rejected plaintiff's argument and sustained the plea of prescription, saying at page 231:
"[1,2] This article is applicable only between solidary debtors. Therefore, there must exist a solidary obligation to plaintiff on the part of Exxon and the defendants joined after the lapse of the prescriptive period. Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 (La.1975).
However, Exxon is not liable to plaintiff on the claim in tort asserted in the instant suit. LSA-R.S. 23:1032 and 23:1061.
Accordingly, LSA-C.C. art. 2097 is not applicable since Exxon cannot be a solidary debtor with defendants, Percy and Swanson. Favors v. Southern Industries, *1135 Inc., 344 So.2d 693 (La.App. 1st Cir.1977)."
The Gibson decision has been cited with approval and followed in Rogers v. Payne & Keller of Louisiana, Inc., 392 So.2d 109 (La.App. 1st Cir.1980) writ denied 396 So.2d 1327 (La.1981), and Melancon v. Tassin Amphibious Equipment Corp., 427 So.2d 932 (La.App. 4th Cir.1983) writ denied 433 So.2d 166 (La.). See also Melancon v. Lorde, 435 So.2d 517 (La.App. 5th Cir. 1983).
Crockett cites Narcise v. Illinois Central Gulf Railroad Co., 427 So.2d 1192 (La.1983) as authority for the proposition in solido liability exists between Avondale and Penrod Drilling. In Narcise the court, answering a question certified by the United States Court of Appeals for the Fifth Circuit, held that there can be in solido liability between a third party tortfeasor sued under Louisiana's codal provisions and an employer-railroad sued under the Federal Employers' Liability Act (FELA), stating at 427 So.2d 1195:
"[4] The fact that ICG is liable under the provisions of FELA and third party defendants may be liable under general tort law does not preclude an in solido obligation to the extent that each is liable for certain damages sustained by plaintiff. Article 2092 specifically provides that an "obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing". It is the coextensiveness of the obligations for the same debt, and not the source of liability, that determines the solidarity of the obligation. Both ICG and third party defendants (according to the third party demand) are coextensively liable for certain damages sustained by plaintiff and may therefore be liable in solido.
The fact of different defenses, different prescriptive periods, different beneficiaries in some cases, and different elements of damages does not detract from the in solido nature of the obligation of the two debtors. These factors may be significant in determining the existence and extent of the liability of each debtor toward the plaintiff. However, once the extent of each debtor's liability has been determined, there is an in solido obligation as to their common liability to the injured party.3 While one item of damages may be recoverable against one debtor and not the other, the parties are liable in solido as to every item for which plaintiff can compel payment from either.4" (Footnotes Omitted)
Crockett analogizes the FELA to the Louisiana Worker's Compensation law and rationalizes that it is illogical to find solidarity between defendants in a federal and state claim but not between defendants in two state claims. What Crockett fails to realize is that the FELA regulates the liability of common carriers by railroad for injuries to employees by negligence. The FELA establishes an obligation to repair damages, similar to the obligation established by the general tort law of Louisiana. To that extent obligations under the FELA and the general tort law are co-extensive, and in solido liability may exist.
The Louisiana Worker's Compensation statute gives an injured employee the right, based on liability without fault, to recover compensation from his employer. Green v. Heard Motor Co., 224 La. 1077, 71 So.2d 849 (1954). An employer whose fault causes an employee damage is not required to repair it; rather, the employee has a distinct cause of action for statutory benefits regardless of fault on the part of the employer. Cripe v. Haynes, 350 So.2d 956 (La.App. 2nd Cir.1977).
Avondale Shipyard's obligation to Crockett is based solely on the Worker's Compensation Act. Penrod Drilling's prospective obligation to Crockett is based solely on the general tort law and is predicated on proof of fault. The obligations of Avondale and Penrod Drilling are not co-extensive; there is no in solido liability, and the suit against Avondale did not interrupt prescription of the tort claim against Penrod Drilling. Gibson, supra; Rogers, supra; Melancon, supra. Also see Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.1986) writ denied 486 So.2d 755 (La.).
*1136 For the foregoing reasons the judgment dismissing Crockett's suit on an exception of prescription is affirmed at Crockett's cost.
AFFIRMED.
NOTES
[1] At the time the trial court judgment was rendered Civil Code Article 2324 C was not in effect.
[2] The trial court also referred to the three year limitation established by 46 U.S.C.App. § 763a as applicable to federal admirality actions. Crockett does not address the applicability vel non of § 763a; thus, nor do we do so in this opinion.